Katz v. Miller, 148 Wis. 63.

―――――――――

KATZ, Respondent, vs. MILLER and others, Appellants.

*December 8, 1911—January 9, 1912.*

*Trusts and trustees: Authority of managing trustee: Evidence: Acts binding on co-trustee and on successors: Landlord and tenant: Covenants against assignment and subletting: Waiver: Estoppel: Appeal: Dismissal: Stipulation.*

1. The authority of one of two testamentary trustees to act for and bind the other in the management and leasing of real estate may be established by the direct testimony of such managing trustee as to the authority given him, coupled with proof of acquiescence and assent on the part of the other in his acts.
2. Acceptance of rent by the lessor from an assignee of the lease, with knowledge of and oral assent to the assignment, constitutes a waiver of the breach of the covenant in the lease against assignment without the written consent of the lessor.

3. Such acceptance of rent after knowledge 'that the premises have been sublet is also a waiver of prior breaches of the covenant against subletting.

4. A waiver by trustees of the breach of a covenant against assignment in a lease of trust property, operates to discharge the forfeiture both as to them and as to their successors in office.

5. Where the assignee of a lease submitted to the lessors his plan for changes proposed to be made in the building to fit it for use as a store and offices, to be sublet by him throughout the term of the lease, and with their knowledge and consent expended a large sum in carrying out such plans, and such lessors continued for a number of years to accept rent with knowledge of subletting by him, they are estopped from enforcing a subsequent forfeiture for subletting to a new tenant.

6. Where, pending an action by the assignee of a lease to restrain the lessor from enforcing an alleged forfeiture for breach of a covenant against assignment and subletting, the parties made a stipulation by which they evidently intended to preserve to each the right to prosecute the action to a final determination, an appeal by the lessor from an adverse judgment will not be dismissed on the ground that, after appealing, he gave notice of termination of the tenancy under certain provisions of the lease, thus recognizing it as a subsisting contract and leaving nothing to be adjudicated in the action.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. Affirmed.

Edward H. Brodhead was the owner of certain real estate located at 89–91 Wisconsin street in the city of Milwaukee. He died in 1890 leaving a will under which these premises were left to Frank G. Bigelow and Julia L. Chaffee in trust during the life of Julia L. Chaffee. In December, 1902, Bigelow and Chaffee as trustees, the remaindermen joining, executed a lease of these premises to one Phillipsborn· for a term of ten years commencing May 1, 1904. The lease contains a covenant against underleasing the premises or assigning the lease without the written consent of the lessors.

Phillipsborn had intended to use the building on the premises, which is a three-story brick building, for a cloak and suit store, but abandoned this idea and requested the plaintiff to take an assignment of the lease. This plaintiff agreed to do,

provided the consent of the lessors should be obtained. The facts relating to such consent are as follows: An agent of Phillipsborn, one John E. DeWolf, talked with Bigelow, and Bigelow told him that he would consent to the assignment and the subletting of the premises, provided the tenants were satisfactory. Plaintiff proposed to Bigelow to make changes in the building so as to prepare the ground floor for stores and the second and third floors for offices, and Bigelow said he would approve the proposed changes in the building if the guarantors on the lease to Phillipsborn would continue as guarantors under the assignment. The lease provided that proposed changes in the building should be approved by Bigelow and that the guaranty of the sureties was to terminate when the lessee had expended $4,000 in making the changes. The guarantors consented to the assignment. Among the proposed sublessees was the United Cigar Stores Company, and certain changes in the building were desired. These changes, together with other changes which would make the building fit for an office building, were submitted to Bigelow and approved in writing by him. There was evidence on the trial of this action tending to show that Bigelow had signed a consent to the subleasing to the cigar company, but no such writing was produced. Five thousand dollars was expended in remodeling the premises to make them suitable as an office building, and the plaintiff sublet all but one room in the building and paid his rent to the lessors.

There was evidence that Miss Chaffee was of advanced years and was not experienced in business affairs. Mr. Bigelow testified, in effect, that she intrusted all of the trustee matters to him and that with her acquiescence he acted practically as the sole trustee. In July, 1905, Bigelow and Chaffee resigned their trusteeship and *George P. Miller* was appointed trustee. While Bigelow and Chaffee were trustees the rent was always paid by the plaintiff or his agent to Bigelow, sometimes by a check payable to Bigelow and sometimes,

and always at last, by checks payable to the bank with which Bigelow was connected. The payments were credited on the books of the estate by a clerk and the receipts describe the lease as the Phillipsborn lease. After *Miller* became trustee the rent was collected by his agent until 1908, when *Miller* first learned of the assignment. It appeared that *Miller* knew that the premises were being sublet to various tenants before he became trustee and up to the time when he refused to receive rent from the plaintiff.

In May, 1909, *Miller* and the remaindermen notified the plaintiff and his tenants to quit the premises, and in their action against them for unlawful detainer alleged as the grounds for the action that the covenant of the lease to Phillipsborn against assignment and subletting had been violated. The plaintiff then began action to enjoin the trustee and the remaindermen from bringing any action to declare the lease forfeited because of the breach of the covenants against assignment and subletting.

Upon the evidence tending to establish the facts as stated in the foregoing the court found, among other findings, as follows:

"III. The said Julia Chaffee is and was at the time of the leasing of said premises and execution of said lease, a woman of advanced age and inexperienced in business affairs; that she at all times intrusted to said Bigelow the entire management of said trust and the control and handling of the property covered thereby; that in all matters relating to the management of said trust estate the said Bigelow, by and with the consent of the said Chaffee, acted practically as sole trustee."

The court also found that Phillipsborn abandoned the design of using the building for the manufacture and sale of cloaks and dry goods and offered to assign the lease to the plaintiff upon condition that he would perform all the conditions and covenants to be performed by Phillipsborn; that the plaintiff informed Bigelow of his willingness to take an

assignment of the lease provided he might sublet the premises to tenants for stores and offices and obtain the consent of the trustees, through Bigelow, to the assignment and subletting; that Bigelow assented to the assignment and to the proposed subletting provided the guarantors would continue their guaranty in force under such arrangement; and that relying on the consent of Bigelow, for the trustees, to the assignment and subletting the plaintiff expended upwards of $5,000 in changing and altering the building to fit it for renting to subtenants, and thereafter sublet the first floor as stores and the second and third floors as offices, the subtenants occupying under their subleases to Bigelow's knowledge and without objection from him or Miss Chaffee.

The court found that there was no sufficient proof that a written consent had been given by the lessors to the assignment and subletting. It found that the plaintiff paid the rent according to the conditions of the lease and that Bigelow and Chaffee received it while they were trustees knowing that the lease had been assigned to the plaintiff, that the plaintiff had been engaged in subletting, that he had expended large sums of money in fitting the premises for subletting, and that he intended to sublet the premises during the remainder of the term.

The court held that the breaches of the covenant against assignment had been waived, that the covenant against subletting applied to a subletting of the whole of the premises and not to a subletting of less than the whole, and enjoined the bringing of any action for a recovery of the premises based upon a breach of the lease by assignment or subletting.

The trustee and the remaindermen appeal separately from this judgment.

For the appellants there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Geo. P. Miller.* They cited, among other authorities, *New Home S. M. Co. v. Simon,* 113 Wis. 267, 89 N. W. 144; *Wesling v. Kroll,* 78 Wis. 636, 47

N. W. 943; *Winslow v. B. & O. R. Co.* 188 U. S. 646, 23
Sup. Ct. 443; *Voss v. N. W. Nat. L. Ins. Co.* 137 Wis. 492,
118 N. W. 212; *Monroe W. W. Co. v. Monroe,* 110 Wis. 11,
85 N. W. 685; *Swedish Am. Nat. Bank v. Koebernick,* 136
Wis. 473, 117 N. W. 1020; *Castello v. Citizens State Bank,*
140 Wis. 275, 122 N. W. 769; *Kew v. Trainor,* 150 Ill. 150,
37 N. E. 223; *Bruley v. Garvin,* 105 Wis. 625, 81 N. W.
1038; Wood, Landl. & T. (1st ed.) p. 529, sec. 323; 1 Taylor,
Landl. & T. (9th ed.) §§ 278, 286, 411; 2 id. § 501; Stats.
(1898), sec. 2302.

*Frank M. Hoyt,* for the respondent, on the question of
waiver cited 21 Am. & Eng. Ency. of Law (2d ed.) 587;
*Randol v. Tatum,* 98 Cal. 390, 33 Pac. 433; *Detlor v. Holland,* 57 Ohio St. 492, 49 N. E. 690; *Jolly v. Single,* 16 Wis.
280; *O'Keefe v. Kennedy,* 57 Mass. 325; 1 Taylor, Landl. &
T. § 410; 2 id. § 495; and on the doctrine of estoppel, *Chynoweth v. Tenney,* 10 Wis. 397; *Racine Co. Bank v. Lathrop,*
12 Wis. 466; *Monroe W. W. Co. v. Monroe,* 110 Wis. 11, 22,
85 N. W. 685; *Swedish Am. Nat. Bank v. Koebernick,* 136
Wis. 473, 117 N. W. 1020.

SIEBECKER, J.   The court found that the trustees, Frank
G. Bigelow and Julia L. Chaffee, waived the breach of the
covenant in the lease against assignment without the written
consent of the lessors.   It appears that the premises in question were duly assigned to Bigelow and Chaffee as testamentary trustees, pursuant to the will of Edward H. Brodhead,
deceased, upon the trust to pay out of the income thereof the
expenses of the administration of the trust and to divide the
remainder as directed by the will.   The court found that they
duly qualified and acted as such trustees until July 7, 1905,
and that Bigelow had charge of the management of the affairs
of the trust.   Upon the evidence adduced the court also found
that Chaffee, as trustee, intrusted the entire management of

the trust to Bigelow, and that with her consent he acted for
her in all matters in managing and administering the affairs
of such trust. This fact is assailed by the present trustee,
*Mr. Miller,* the appellant, upon the ground that the evidence
does not sustain the court's finding on this issue in the case.
The evidence of Bigelow is that she authorized him to man-
age, control, and handle the property and to do whatever was
required to discharge the duties of the trustees in this regard.
The evidence fails to show that Miss Chaffee took any active
part in the management of the property, but it shows that in
the control and management of this property Bigelow prac-
tically did everything required to be done to discharge the
obligations imposed by the trust. It is averred that this does
not constitute proof authorizing Bigelow to act for Miss Chaf-
fee as such trustee, because his asserted authority cannot be
established by such declarations. We do not regard his state-
ments as irrelevant to the inquiry; they bear on the question
of his authority to act for her, and should be considered in
connection with the other facts and circumstances of the case.
It is undisputed that he as trustee did the negotiating for this
lease; that he dealt with the plaintiff concerning the assign-
ment thereof to the plaintiff, and conducted all of the trans-
actions, including the reception of the rents due under the
lease, practically as sole trustee, for a period of over a year,
and that Miss Chaffee at no time throughout this time ap-
peared to take part in or objected to this method of conduct-
ing the business in which she was a co-trustee. Her conduct
respecting the matter is persuasive as tending to show that
she did intrust the entire management of the trust and the
control and handling of the trust property to her co-trustee,
Bigelow, and tends to support the evidence of Bigelow that
she conferred full authority on him to act for and represent
her in all these respects. The acts of Bigelow must be held
to have had her approval and assent and to be binding on

them as trustees in the transactions between them and the plaintiff concerning this lease and the occupancy and use of the trust property.

The lease, as stated, contained a covenant against assignment thereof without the written consent of the lessors. The court found that no such consent was obtained when it was assigned to the plaintiff, but held that this breach was waived by the lessors by Bigelow's reception of the rent with full knowledge of such assignment. The facts are without dispute that he knew of and orally assented to the assignment and for one year accepted and collected the rent accruing thereon from the plaintiff. Under the circumstances the acceptance of the rents was a waiver by the lessors of the breach of the covenant against assignment. *Gomber v. Hackett,* 6 Wis. 323; *Jolly v. Single,* 16 Wis. 280; *Palmer v. City L. Co.* 98 Wis. 33, 73 N. W. 559; *O'Keefe v. Kennedy,* 3 Cush. (57 Mass.) 325.

The covenant against subletting was breached, but this also was fully known to the trustees when they accepted under the lease rent which accrued after the breach. Such acceptance is a waiver of such prior breaches. It appears, however, that *Mr. Miller,* as trustee, from the 1st of February, 1909, to the commencement of this action, refused to accept any rent accruing under the lease, and claimed that he had no knowledge of the breach of the covenant and that he had not consented thereto nor to the subletting of the premises by the plaintiff to his various tenants after the payment of the last instalment of rent prior to February 1, 1909, and that he had not waived these breaches of the lease. The waiver of the breach against assignment by the acting trustees, before *Mr. Miller's* appointment, operated to discharge the forfeiture and amounted to an election to continue the lease in force with the plaintiff as lessee of the premises. This became binding on all of the parties thereto, and *Mr. Miller,* who succeeded to the trusteeship, has no cause for declaring the

lease forfeited on account thereof.     1 McAdam, Landl. & T. § 192.

*Mr. Miller,* however, insists that the underletting of the ground floor in May, 1909, was a breach and justifies a re-entry by the defendants.     This claim is based on the ground that the covenant against underletting is continuous, and hence that the former waivers of its breach discharged only these particular breaches, and that he can insist upon the subsequent forfeitures.     As stated in the statement of facts, plaintiff submitted his plans for changes in the building, to fit it for use as a store and offices instead of the use specified in the lease, and obtained the assent of Bigelow thereto both before and after his purchase of the lease.     It was under-stood that the proposed changes were to be made for the pur-pose of enabling the plaintiff to sublet the building in parts as stores and offices, and to that end plaintiff expended up-wards of $5,000.     He thereafter, to the knowledge of the trustees, devoted the building to such uses, by underletting it from the beginning of the term to February, 1909, when *Mil-ler* for the first time insisted that such underletting avoided the lease.     It is clear that the plaintiff was induced to incur this large expenditure for the purpose of underletting the building, as proposed, throughout the term of the lease, and that the acting trustees, who had full control of the premises, fully understood this and assented thereto, and that up to February 1, 1909, with full knowledge thereof, they acqui-esced in plaintiff's use of the premises.     To permit the lessors to re-enter for underletting would, under these circumstances, operate to do such an injustice to the plaintiff as equity will not tolerate.     The facts and circumstances present a case showing that the plaintiff was induced through the acts of the lessors to expend large sums of money and to change his position to his prejudice, by accepting an assignment of the lease and thereby assuming all of its obligations, upon the understanding that he could underlet the premises through-

out the term in the manner he has done.    This establishes an estoppel within the rule of the following cases which equity will enforce against the lessors to protect the rights of the plaintiff: *Benavides v. Hunt,* 79 Tex. 383, 391; *Carpenter v. Wilson,* 100 Md. 13, 59 Atl. 186; *Knoepker v. Redel,* 116 Mo. App. 62, 92 S. W. 171; *The "Elevator Case,"* 17 Fed. 200; 1 McAdam, Landl. & T. § 194.

The right to dismiss the appeal upon the ground that *Mr. Miller,* as trustee, on October 31, 1911, gave notice of the termination of the tenancy under the provisions of the lease, .thus recognizing it as a subsisting and operating· contract and hence leaving nothing to adjudicate in this action, we do not regard as well founded under the stipulation of the parties to the action.    The parties evidently intended by this stipulation to preserve to each the right to prosecute the action to a final determination upon the issues presented, and that any act of either party respecting other rights arising under the lease was not to affect the right of prosecuting this action to a final judgment.    The motion must therefore be denied.

*By the Court.*—The judgment appealed from is affirmed.

