KRAWIECKI, Respondent, vs. KIECKHEFER BOX COMPANY, Appellant.

*October 30—November 19, 1912.*

*Master and servant: Injury from breaking of unguarded belt: Feasibility of guarding: Expert testimony: Qualification of witness: Evidence: Competency: Weight and sufficiency: Questions for jury: Special verdict: Form: Appeal: Conclusiveness of verdict based on opinions: Excessive damages: Remission of part.*

1. One who has had experience with machinery of the kind in question and is familiar with conditions and practices in factories in the vicinity, is qualified to testify as to the feasibility of guarding a belt which operates such machinery, and as to his experience and observation on the subject.

2. In an action for personal injuries caused by the breaking of an unguarded belt, a question propounded by defendant to its foreman as to whether any factory inspector or other official had suggested that the belt ought to be guarded, was properly excluded in the absence of any evidence that the attention of such inspectors or other officials had ever been called to the belt or to the conditions under which the machinery was operated.

3. Evidence considered and *held* insufficient to establish as a matter of law that there was no custom in wood-working factories of guarding belts under the conditions and circumstances existing in this case.

4. Evidence as to the practice in other factories with reference to guarding belts used to operate similar machinery was competent as bearing upon the question whether defendant exercised ordinary care in determining whether or not the belt in question ought to have been guarded.

5. Upon conflicting evidence as to the circumstances surrounding the plaintiff and the conditions under which he worked, the question of his contributory negligence was for the jury.

6. Where the special verdict as submitted covers in proper form all of the issues raised by the pleadings and evidence, there is no prejudicial error in refusing to submit additional questions.

7. The verdict of a jury founded solely upon the opinion of experts as to the cause of a condition (in this case the loss of sexual power), which condition is itself established only by the opinion of experts, has no conclusive weight even in the appellate court.

Krawiecki v. Kieckhefer Box Co. 151 Wis. 176.

8. Such condition having been submitted to the jury as an element of damages upon evidence too vague and unsatisfactory, in the opinion of this court, to justify such submission, a judgment upon the verdict awarding plaintiff $2,000 is reversed and a new trial awarded unless plaintiff elects to remit all of the damages in excess of $1,000, which sum is deemed as low an amount as an impartial jury upon the competent evidence would award.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

The plaintiff was injured on March 15, 1910, in defendant's factory by the breaking of a belt on a planing machine which the plaintiff was feeding. The plaintiff was fifty-four years of age and had worked for the defendant for thirteen years. This is an action to recover damages for the injuries suffered by him by reason of the breaking of the belt.

The complaint alleges that the belt was worn and defective and was so placed that the person operating the machine could and would inadvertently come into contact with the belt and the pulley on which it ran; that the belt was not inclosed or guarded as were like belts on like machines in the city of Milwaukee and vicinity; that such inclosing and guarding could be done at but a nominal expense and so as to effectively protect from injury by a breaking of the belt the person operating the machine; that on March 15, 1910, the truck load of lumber which the plaintiff was to feed into the planer was so placed at the left of the planer, because of the crowded condition of the shop in which the plaintiff was working, that it was necessary for the plaintiff to reach over the belt which broke in order to take the lumber from the truck; and that while the plaintiff was so employed at the planer one of the belts on the machine suddenly broke and the broken end flew with great force against the plaintiff, causing the injuries. The injuries suffered are particularly described, negligence on the part of the defendant in several respects is alleged, and damages are demanded.

The answer denies that the belt was defective; that the person operating the planer was required to reach over the belt to secure the lumber it was his duty to feed into the planer; and that the belts were unguarded or so situated that the person operating the machine would inadvertently come into contact with the belts or be compelled to stand in dangerous proximity to the belts in the performance of his work; and alleges contributory negligence on the part of the plaintiff in failing to inspect and report any defective condition of the belts; and that the plaintiff assumed the risk.

Exception was taken on the trial to the opinion evidence of a witness as to the guarding of similar belts on iron-working machines and to the evidence of this witness that such belts could be guarded and that they were ordinarily guarded in Milwaukee factories.    Exception was also taken to the refusal of the court to permit the defendant to show that factory inspectors had not suggested that this belt should be guarded and to the exclusion of evidence that feeders of planers objected to belt guards.    The defendant objected to evidence that the injury as described would account for the plaintiff's nervous condition and that such nervous condition would be a cause of the loss of sexual power.

Evidence was presented by the defendant tending to show that whatever guarding there was of such belts in Milwaukee factories was to prevent injuries to persons by reason of their clothing being caught in the pulleys and belts, and that such guards were not designed to prevent injuries from the breaking of belts, and that guards for this purpose were ineffective and a source of greater danger.

The plaintiff was at the hospital for four or five days.    The physician who attended him after he returned to his home testified that the plaintiff's left leg was very much contused, swollen, and discolored, there was considerable enlargement of the veins, his testicles were enlarged and discolored, and the scrotum was almost black.    At the time of trial plaintiff's testicles were still enlarged and there was some enlarge-

ment of the veins; he was shaky and had no control of his nerves.

The plaintiff testified that after the accident he had lost his sexual power. The medical testimony in plaintiff's behalf as to his condition in this respect at the time of the trial was that the plaintiff's testicles were of good size and that his organs were apparently normal; that the physicians were unable to tell whether the testicles were larger than they were before the accident; that the accident was sufficient to account for the plaintiff's nervous condition; that the nervous condition of a man may affect his sexual power, but that plaintiff's nervous condition was not an adequate cause for the loss of sexual power.

The court denied a motion for a verdict for the defendant, and refused to give certain instructions and to submit certain questions requested by the defendant.

The jury found that the plaintiff was injured by a broken belt while at work at the planer in the defendant's factory; that the belt was so located as to be dangerous to employees in the discharge of their duties; that the failure to guard or fence the belt was the proximate cause of the injuries suffered by the plaintiff; and that the plaintiff was not guilty of contributory negligence.

The court in submitting the elements of damage for which compensation was proper included the element of loss of sexual potency; the appellant excepted and now avers that the court erred in this regard.

This is an appeal from the judgment on the verdict in plaintiff's favor for $2,000 damages and for costs.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

*W. B. Rubin,* for the respondent.

SIEBECKER, J. The claim that the witness Wikkerink was improperly permitted to testify as to guarding the belt because not qualified to speak on the subject is not sustained.

The evidence discloses that he had had experience with machinery of the kind in question, that he is familiar with present conditions and practices in factories in Milwaukee, and that he has knowledge on the subject.

The court excluded the following inquiry, propounded by the defendant to its foreman as a witness: "Did any factory inspector or other official at any time before this accident suggest to you that this planer, as to its belts that I am referring to, ought to be guarded or covered?" There is no showing that the method of operating this planer and belting came to the notice of any inspector or that any inspector was advised of these conditions and the situation. Under such circumstances an answer to the propounded inquiry was properly excluded. The materiality of the question and the evidentiary force of an answer thereto must rest on the fact that the circumstances and the condition of the situation of this planer and the belts referred to were known to the inspectors and that they acted on such knowledge in not suggesting that the belting should be guarded.

It is contended that the evidence is without dispute that there is no custom in wood-working establishments of placing guards around belts like the one in question, and that the court erred in denying defendant's motion to direct a verdict in its favor upon that ground. An examination of the evidence discloses, however, that the witness offered by the plaintiff on this subject testified that such guards are in use on rapid-running planers and that they are practical. Nor is the evidence on the subject adduced by the defendant so clear and convincing in itself that it can be held as matter of law to establish such a custom as defendant asserts. Taking all the evidence, it clearly does not justify the claim that the court should have held as matter of law that there is no custom in wood-working factories of guarding belts under the conditions and circumstances that existed here. Such evidence, however, was properly received as bearing on negligence. As de-

clared in *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563: "As a general rule, evidence to show the usual or ordinary methods of others in the same business is admissible upon the question of negligence" (headnote), but not if such evidence contradicts common knowledge or if it shows a method so obviously dangerous as to be recognized as such by all intelligent persons. The court, after instructing the jury that the evidence as to custom did not justify him in holding as matter of law that the defendant was absolved from the duty of guarding the belt, instructed them to consider all such evidence in connection with the other evidence in deciding whether the defendant's officers and agents had exercised ordinary care in determining whether or not such belting ought, under the circumstances and conditions, to have been guarded. This was a proper submission of this issue and the evidence to the jury.

A further contention is made that the court erred in refusing to hold that the plaintiff, under the evidence in the case, was guilty of contributory negligence. This claim is based on the ground that the plaintiff did not stand in the usual and proper place while feeding the planer, and that he so placed the truck loaded with lumber as to make it dangerous to get the lumber from the truck and feed it into the planer. It is argued that the plaintiff's carelessness in placing the loaded truck at the side of the planer and in then reaching over the running belt exposed him to the danger complained of, and that he should have placed the truck behind him near the place which he ought to have occupied to perform his duty of feeding the lumber into the planer. Plaintiff testified that the loaded truck stood in the proper and customary place; that there was not sufficient room in the doorway to the south and back of him while he was feeding the planer; and that it was the common practice to place the loaded truck where it stood at the time of the accident, because it was the proper and most convenient place from which to handle the long

lumber. In these matters the plaintiff is corroborated by some of the witnesses and contradicted by others. Under such circumstances the question of his contributory negligence was one to be resolved by the jury.

An exception is urged to the court's refusal to incorporate in the special verdict certain questions which appellant requested. The verdict submitted covered the issues raised by the pleadings and the evidence and is in proper form. The rejected questions embraced findings of facts which were necessarily included in the verdict rendered under the direction of the court and pursuant to the instructions given the jury. We are satisfied that in the verdict rendered the jury have found every essential fact involved, and hence that no prejudicial error was committed by not incorporating the special questions requested in the verdict. *Milwaukee T. Co. v. Milwaukee, post,* p. 224, 138 N. W. 707, and cases cited.

The court's instructions to the jury as to the law applicable to the issues covered by the verdict are correct and sufficiently cover the case. In our opinion appellant was not prejudiced by the court's omission to give any of the specific instructions requested.

Other alleged detail errors are not of sufficient importance to be specifically noted. We do not find that any of them were prejudicial to the appellant, aside from the subject of damages, which will now be considered.

Appellant objected to the introduction of evidence on the alleged element of damages as to plaintiff's loss of sexual power, and requested the court to exclude this alleged element of injury from consideration by the jury. The court, however, informed the jury that they might include as an element, for which plaintiff could recover damages, "the loss and impairment of his sexual powers, if any such loss or impairment existed or exists, and if so, if it was a proximate result of such injury," and such impairment as should be found to continue in the future. The evidence on the subject is

very meager and uncertain, and speculative to a high degree, and amounts to no more than mere opinion. The facts on this branch of the case are not satisfactory and come within the views expressed by this court in *Bucher v. Wis. Cent. R. Co.* 139 Wis. 597, 120 N. W. 518:

"The verdict of a jury founded upon facts is entitled to great weight, and is almost conclusive upon this court if supported by any evidence. But the verdict of a jury founded only upon the opinion of experts concerning the cause of a condition, which condition is itself established by the opinion of experts, has no such weight" (citing).

The considerations advanced in that case for the rejection of the loss of sexual potency as an element of damages apply with all their force to the evidence before us in this case. We are led to the conclusion that the court erred in submitting this phase of the case to the jury as a basis for the allowance of compensatory damages, and that the judgment rendered is therefore erroneous and must be reversed. We have, however, examined the evidence in the case and are persuaded that we should follow the practice adopted in the cases of *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644, and *Heimlich v. Tabor,* 123 Wis. 565, 102 N. W. 10, and permit the plaintiff to avoid a new trial upon reversal of the judgment entered by electing to remit from the amount of damages assessed by the jury a sum which will reduce the award of damages to as low an amount as an impartial jury on the evidence would probably name. In our judgment that sum is $1,000.

*By the Court.*—Judgment reversed, and action remanded for a new trial, unless the plaintiff elect, within thirty days after the filing of the *remittitur* in the trial court, by notice in writing served on the defendant's attorney, to take judgment for $1,000 with costs, in which case judgment shall be rendered therefor upon motion in that court.