GERLACH, Respondent, vs. GRUETT, Appellant.

*October 20—November 15, 1921.*

*Libel: Conditional privilege: Express malice: Inconsistent findings in verdict: Charges of immorality against pastor: Evidence: Relevancy: Damages: Remission in part or new trial.*

1. One may believe charges made by him to be true, be within the field of conditional privilege so far as purpose of communication and persons addressed are concerned, and yet be actuated by express malice. If express malice be found, it destroys the conditional privilege that would otherwise obtain.

2. In an action by a pastor for damages for libel consisting of charges of misconduct with a girl, the court did not err in striking out a portion of defendant's answer which alleged in substance that during the war the pastor refused to preach in the English language.

3. The court properly refused to receive evidence as to the duties of a Lutheran minister to his congregation to the effect that a stricter rule of morals was required than in ordinary life, because the conduct charged is adequately condemned by the prevailing code of morals as well as by the law.

4. The court in granting a new trial unless the plaintiff elected to accept a sum stated, which was less than the damages found by the jury, should have placed the amount as low as an impartial jury on the evidence would probably name; when the option is given the defendant, the sum should be as high as such a jury would probably find.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Action for libel based upon three letters written by the defendant, a member of the church of which the plaintiff was the minister, and addressed respectively to Rev. A. F. Augustin, Eau Claire, Wisconsin; Rev. O. Gammelin, Beaver Dam, Wisconsin, and Rev. A. Pilger, Ripon, Wisconsin, which letters were received and read by the respective persons to whom they were addressed. The letters were written in the German language and were translated as follows:

"Rosendale, Wisconsin, Aug. 20, 1919.
"Esteemed Pastor: In the Synodical Report on page twenty, I read, that it is really pleasant, that the Pastor in Rosendale was justified from the charges resting against him. If the Synod has no other justification than one of this character, then not very many of the dearly purchased souls of our Saviour will enter into the haven (harbor) of the eternal home, for that very girl, which at the meeting at Rosendale was declared to be an honorable girl, and which *Gerlach* held in his arms, the one which *Gerlach* called to himself into the automobile, and said (to her) come let us anger *Gruetts,* that girl now has, since the 7th day of August, a strapping boy, she has no husband (man) and for a the child, *they cannot find the father* or discover him. Perhaps the committee could help out again, the adage says, Tell me with whom you associate, and *I will* tell you who you are. It transpired here, as the Scriptures say, For wheresoever the carcase is, there will the eagles be gathered together. And such a girl the local pastor takes around, and the Synod rejoices because he has been justified. I can tell, only tell you, there was a commotion and an row here, and it is still going on. If I would be in *Gerlach's place* I would be gone over all hills. I only have to wonder, that such men (people) dare to hang around (occupy) Lutheran pulpits. It cannot go on this *way* for very long any-more, for the attendance at the services is constantly growing worse, and the members are getting less. It is no wonder that the judgments of God are being wreaked so heavily upon mankind. Yes, we have all reasons to sing with that poet, Awake, you spirit of the early witnesses, which stood upon

the walls as *faithful* watchmen. Just here there is something missing in the upright faithfullness. Faithful in actions, faithful in life, if it would be thus, all things would be well. I am *surprised* that the Synod does not step in here, and bring about a change of pastors. Always more witnesses are appearing here, (stepping up) to testify that my claims are resting upon truth.

"Now, Mr. Pastor Augustin, I should think, that this would suffice, to cause you, as the President of the District, to do some serious thinking.

"With sincere greetings,
"signs
"FRANK GRUETT (signed)."

"Rosendale, Wisconsin, August 21, 1919.
"Mr. Reverend O. Gammelin, Beaver Dam.

"Dear Sir: In the Synodical Report it is stated: We are pleased, that the pastor at Rosendale was cleared *from* the charges resting against him. A sorry justification, for that girl, which was declared to be an honorable girl at the meeting of March 25th, the one which *Gerlach* embraced in an automobile, the one which *Gerlach* called into his automobile with the words, Come, let us anger *Gruett,* this very girl has since the 7th day of August a strapping youngster, she has no husband, and the boy has no father, neither can they find one for him. *How easily could an (investigating) visiting commission help out again* here. However, it is a disgrace and a sin, that such men (people) are permited to hang around (occupy) Lutheran pulpits. It is no wonder that the judgments of God are wreaked over humanity. Enough, I hope, that this will suffice to cause you to do some very serious thinking.

"Greetings from,
"F. GRUETT (signed)."

"Rosendale, Wisconsin, August 21, 1919.
"Mr. Reverend Pilger, Ripon.

"Esteemed Pastor: In the Synodical Report I read, that We are pleased that the pastor in Rosendale was cleared from the charges resting against him. If the Synod has no other justification than one of that character, then not very many of the dearly purchased souls of our Saviour will enter

into the haven (harbor) of the eternal home; for that girl, which at that meeting here in *Rosendale* on March 25th was declared to be an honorable girl, the one which *Gerlach* embraced, the one which *Gerlach* called into the automobile, Come, let us anger *Gruetts,* this very girl now has since the 7th day of August a strapping boy. She has no husband (man) and the poor boy, it seems, has no father, neither can they find one. Perhaps a committee could help out again here. I do not want to write a great deal, the whole business is nauseating to me already, it is a disgrace and a sin, that such men (people) are permitted *to* hang around (occupy) Lutheran pulpits. I once more would like to speak to you personally. When you were in Green Lake, I was there too, but at that time, I knew nothing about this row.

"With friendly greetings,<br>"signs<br>"F. Gruett (signed)."

The answer put in issue the libels alleged in the complaint and the jury returned a special verdict as follows:

"(1) Did the defendant write the letter to Rev. Augustin for the purpose of procuring a rehearing of the charges previously preferred against the plaintiff, believing the Rev. Augustin a proper officer of the Synod through whom to procure such rehearing, and with an honest belief that the plaintiff was guilty of all the misconduct as a clergyman imputed to him by said letter? *A.* Yes.

"If to 1 you answer 'Yes,' answer 2:

"(2) Was the defendant actuated by malice in writing said letter? *A.* Yes.

"(3) What sum will compensate the plaintiff for the injury to his reputation, feelings, and his professional standing caused by the writing of the libelous matter in the letter to Rev. Augustin? *A.* $2,000.

"(4) Did the defendant write the letter to Rev. Gammelin for the purpose of procuring a rehearing of the charges previously preferred against the plaintiff, believing the Rev. Gammelin a proper officer of the Synod through whom to procure such rehearing, and with an honest belief that the plaintiff was guilty of all the misconduct as a clergyman imputed to him by said letter? *A.* Yes.

"If to 4 you answer 'Yes,' answer 5:

"(5) Was the defendant actuated by malice in writing said letter? *A.* Yes.

"(6) What sum will compensate the plaintiff for the injury to his reputation, feelings, and his professional standing caused by the writing of the libelous matter in the letter to Rev. Gammelin? *A.* $1,500.

"(7) What sum will compensate the plaintiff for the injury to his reputation, feelings, and his professional standing caused by the writing of the libelous matter in the letter to Rev. Pilger? *A.* $1,500."

The court gave plaintiff the option to take judgment for $500 on each cause of action or a new trial because he was convinced that the jury "failed to give proper consideration to the limitation of the publication, and wrongfully charged up to defendant, as an element of damage in this case, the harm done and injury wrought by the previous proceedings and the public hearing respecting matters involved and the extended publication and wide notoriety consequent thereto." Plaintiff early in the trial waived punitory damages and accepted judgment for $1,500 and costs, from which judgment the defendant appealed.

*T. L. Doyle* of Fond du Lac, for the appellant.

*R. L. Morse* of Fond du Lac, for the respondent.

VINJE, J.    It was suggested upon the oral argument that there was an inconsistency between answers to questions 1 and 2 and 4 and 5 because questions 1 and 4 as answered included a finding that defendant was actuated by good-faith motives and not by malice and hence contradicted the answers to questions 2 and 5 finding malice. In view of the instructions given and the wording of the questions we think the answers to questions 1 and 4 found only that the purpose for which the letters were written and the persons to whom they were directed were within the field of conditional privilege and that the defendant believed the charges to be true, but that they did not find entire good faith and absence

of malice. One may believe charges to be true, be within the field of conditional privilege so far as purpose of communication and persons addressed are concerned, and yet be actuated by express malice. If express malice be found it destroys the conditional privilege that would otherwise obtain. *Rude v. Nass*, 79 Wis. 321, 328, 48 N. W. 555; *Joseph v. Baars*, 142 Wis. 390, 125 N. W. 913; *Arnold v. Ingram*, 151 Wis. 438, 458, 138 N. W. 111; *Williams v. Hicks P. Co.* 159 Wis. 90, 150 N. W. 183. So we conclude there is no inconsistency between the answers to the specified questions.

We shall refer briefly to only a few assignments of error because, for reasons to be stated, the case must go back for a new trial unless plaintiff accepts the option granted by this court.

The court struck out a portion of defendant's answer which alleged in substance that during the war plaintiff refused to preach in the English language though petitioned to do so by members of the parish, thus indicating, it is alleged, a lack of patriotism. We fail to see how that was relevant to any issue arising out of the alleged libel. Its only purpose could have been to prejudice the plaintiff in the eyes of the jury, and the court properly struck out that portion of the answer.

The court likewise properly refused to receive evidence as to the duties of a Lutheran minister to his congregation to the effect that a stricter rule of morals was required than in ordinary life, because the conduct charged in the letters is adequately condemned by the prevailing code of morals as well as by the law.

The court also properly refused to submit questions eliciting the fact as to whether or not the matters charged in the letters were true, because the evidence was too vague and inconclusive to sustain a finding that they were true.

We shall not examine the alleged erroneous portions of the charge relating to damages because the verdict as to damages was set aside by the trial court, and we must set

aside his assessment because he erred in making it.    He gave an option to plaintiff to take $500 compensatory damages for each letter written, stating that he did so because he considered "that a jury moved by proper considerations in this respect would hardly go above $500 as damages for each of the letters, or $1,500 in gross."    In giving the option to the plaintiff he should have placed the amount as low as an impartial jury on the evidence would probably name, not as *high* as such jury would probably go.    The latter must be done when the option is given to the defendant.  *Heimlich v. Tabor*, 123 Wis. 565, 102 N. W. 10; *Beach v. Bird & Wells L. Co.* 135 Wis. 550, 116 N. W. 245; *Katz v. Miller*, 148 Wis. 63, 133 N. W. 1091; *West v. Bayfield M. Co.* 149 Wis. 145, 135 N. W. 478; *Krawiecki v. Kieckhefer B. Co.* 151 Wis. 176, 138 N. W. 710; *Poler v. Mitchell*, 152 Wis. 583, 140 N. W. 330.

For the purpose of permitting this unfortunate litigation to end, we have concluded to give plaintiff the option to take judgment for $200 as compensatory damages for each letter published, or $600 in gross, or a new trial, such option to be exercised within thirty days from the date of the receipt by the circuit court for Fond du Lac county of the record from this court.

*By the Court.*—Ordered accordingly, with costs on this appeal to the defendant.