### PATTERSON et v KINCADE

Ohio Appeals, 4th Dist, Athens Co

Decided Oct 18, 1932

Charles D. Fogle and L. R. Pierce, Athens, for plaintiff in error.

Woolley & Rowland, Athens, for defendant in error.

MAUCK, PJ.

A sharp difference between the parties is disclosed as to whether the defendants were privileged as citizens in making the charges they did before the board of school examiners, whose duty it is to investigate, and in a proper case revoke, the certificates of those found unworthy to hold them. The trial court held that the defendants had no absolute privilege, such as attaches to witnesses before a grand jury, since **Stephenson v McCurdy, 124 Oh St, 117, 177 NE, 204,** overruled, **Kintz v Harriger, 99 Oh St, 240, 124 NE, 168, 12 A.L.R., 1240,** and in this the court was right. It did hold that they had a qualified privilege, and this was right. 17 Ruling Case Law, 362; note to Flanagan v Nicholson Publishing Co. in Ann. Cas., 1917B, 421.

In a special instruction given before argument at the request of the defendants the court defined the extent of this privilege as follows:

"The board of school examiners has the right to revoke certificates. A communication to such a board requesting an investigation is privileged if made in good faith. The plaintiff here is not entitled to recover unless he has proven by a preponderance of the evidence that the complaint made by the defendants was false, and also made with malice, and unless the evidence establishes both of these elements your verdict must be for the defendants."

The court enlarged upon this doctrine in the general charge. The defendants now complain, however, that the court refused to give another special instruction before argument as follows:

"Before the plaintiff is entitled to recover for the complaint filed with the school examiners he must prove by a preponderance of the evidence that the defendants did not have reasonable cause to believe the allegations set forth in the communication to said school examiners. If they had reasonable cause to believe and did believe said charges to be true no malice exists and plaintiff can not recover."

In other language the court gave the gist of this instruction in the second paragraph of the general charge. If the doctrine of the requested instruction were sound, how-

ever, the failure to give it before argument could not be cured by subsequently giving it in the general charge. **Chesrown v Bevier, 101 Oh St, 282, 128 NE, 94.** What the defendants desired before argument and what they got in the general charge was in substance an instruction that the jury could not find that the defendants had acted maliciously if it found that they had reasonable cause to believe and did believe that the charges made by them were true. If the defendants were right in this position the court erred in failing to give the last-quoted special instruction.

This question has not been passed upon by the courts of this state. It seems to us clear, however, that the position of the defendants is unsound. If the parties were moved by a wicked spirit to make charges in writing against the character of a school teacher, they should know those charges to be true, for if one is proceeding from malicious motives to make charges of the character referred to, he is quite apt to readily believe evil of the object of his malice without closely examining the sources of his information. This is the principle laid down in Gerlach v Gruett, 175 Wis., 354, 185 NW, 195, 18 A.L.R., 1155, where it is said:

"One may believe charges made by him to be true, be within the field of conditional privilege so far as purpose of communication and persons addressed are concerned, and yet be actuated by express malice. If express malice be found, it destroys the conditional privilege that would otherwise obtain."

In Tanner v Stevenson, 138 Ky., 578, 128 SW, 878, 30 L.R.A. (N.S.), 200, the court was considering a case of charges made to a board of examiners against a school teacher. In that case it was said:

"If a person making the publication is prompted by actual malice or ill will towards the person concerning whom it is written or spoken, then the fact that it was believed to be true, or the fact that it was made in good faith, or the fact that it was made under circumstances that except for this notice (malice) would make it privileged, will not be allowed to save the person making the publication from the consequences of his act."

Our conclusion, is, therefore, that although the defendants in this case believed and had good reason to believe that the charges made by them were true they were not justi-fied in acting on that belief for the purpose of maliciously injuring the plaintiff unless the charges were actually true. It follows, therefore, that the court in its general charge gave to the defendants a stronger instruction than they were entitled to and that the court properly refused the instruction requested before argument.

It is further urged that there was no proof of express malice on the part of the defendants, and that the trial court should have directed a verdict at the conclusion of the plaintiff's testimony and again at the conclusion of all of the testimony. Whether there was any testimony of express malice at the conclusion of the plaintiff's testimony is doubtful. Malice, of course, can rarely be proved except by circumstances. A study of the record discloses no fact evidencing express malice on the part of the defendants elicited by the plaintiff in chief except the single fact that one of the charges related to a circumstance ten years old. The defendants did not stand upon the insufficiency of the plaintiff's case, however, and after the motion for a directed verdict made at that time was overruled the defendants proceeded to put on their case. In so doing they waived the question raised by them when the plaintiff rested. **Cincinnati Traction Co. v Durack, Admx., 78 Oh St, 243, 85 NE, 38, 14 Ann. Cas., 218.** When the question was again raised at the conclusion of all the testimony it had been brought out that the defendants had a grievance against the plaintiff, growing out of some school controversies, and it was competent for the jury to find from those circumstances and from some things that the defendants said, as well as from their demeanor on the stand, coupled with the fact that one of the charges was ten years old, that the defendants were moved by feelings of ill will toward the plaintiff. The court was accordingly right in refusing to direct a verdict at the conclusion of all the testimony.

The defendants claim that they were denied the right to show the general reputation of the plaintiff for the purpose of mitigating damages. The record does not support this contention. They were only denied the right to snipe at the plaintiff by propounding such futile questions as whether he had ever drunk an intoxicant or whether he knew that a tenant of the plaintiff was a law breaker.

The other questions raised by the record are of no moment.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.