## PRUDENTIAL INS CO v VAN ARSDALL

Ohio Appeals, 2nd Dist, Franklin Co

No 2523. Decided Sept 24, 1935

Carl H. Valentine, Columbus, for plaintiff in error.

Guy R. Martin, Columbus, for defendant in error.

**OPINION**

By BODEY, J.

The court will discuss these various grounds of alleged error in the order above named. The court has carefully read the bill of exceptions and it finds but five instances in which an exception was taken to the ruling of the court upon the introduction of evidence. Other objections were entered at various times. In many instances the court did not pass upon the objection, while in others no exception was saved by counsel to the ruling of the court. Of course this court can not pass upon exceptions which are not noted in the record. The first exception noted by counsel for the plaintiff in error appears at the bottom of page 38 of the bill of exceptions. While the question there propounded to the witness was probably improper, yet other testimony similar to the answer given by the witness had already gone into the record and was before the jury without objection. The ruling of the court, therefore, could not have been prejudicial to the plaintiff in error.

The next exception appears on page 49 of the Bill of Exceptions. The ruling of the court was in favor of the plaintiff in error. Therefore, no error intervened at this point. At page 52 there is another ruling of the court upon the question propounded to the witness. Exception was saved by the plaintiff in error, but the question was not answered. Two exceptions appear on page 66 of the record. The questions propounded to the witness at this point, if answered, could not be prejudicial to either of the parties. It is our view that the subject matter of the questions was not a fit subject of inquiry. However, neither the question nor the answer thereto could prejudicially affect the plaintiff in error. It is our conclusion, therefore, that the first contention of the plaintiff in error is not well taken, and that no prejudicial error intervened in the admission of testimony.

At the time the plaintiff rested his case there was very little testimony in the record concerning the character of the capacity which either Mr. Cross or Mr. Henderson bore to the defendant insurance company. On page 11 of the bill of exceptions the plaintiff had testified in answer to a question propounded to him that "Mr. Henderson was the direct representative under contract with the Prudential Insurance Company." Again, on page 13 of the record, the witness, in answer to a question, stated, "I sent it to the company through the Cincinnati office of Mr. Cross, District Manager." It is quite possible that the court should have sustained the motion for a directed verdict at this point. However, the plaintiff in error did not stand upon

the insufficiency of the case already made by the plaintiff below, but it proceeded to introduce its own testimony. By so doing it waived the right to further insist upon its motion for a directed verdict at the conclusion of the plaintiff's case. This question was settled by the Supreme Court of Ohio in the case of **Cincinnati Traction Company v Durack, Admrx., 78 Oh St, 243.** This case has been followed in numerous instances by the Supreme Court and other courts. A very succinct statement of the law is found in the case of **Patterson et v Kincade, 44 Oh Ap, 154, at 158 (14 Abs 62).** It follows under the holdings above referred to that the second specification of error is not well taken.

It is the court's view that the lower court was correct in overruling the motion of the plaintiff in error for a directed verdict at the conclusion of the whole case. At that time there was ample evidence before the court concerning the agency of Cross and Henderson, who hired plaintiff for the defendant company. There was evidence of the plaintiff in the record which tended to establish the terms of the express contract sued upon. True, there was testimony of representatives of the defendant below denying the contract. Thus there was submitted to the jury a question of fact upon which reasonable minds might differ. In such a case it would be error for the trial court to sustain a motion for a directed verdict. It was the privilege of the jury to weigh the evidence and to pass upon the credibility of the witnesses, and so long as there was some credible testimony and evidence supporting the claim of the plaintiff set out in his petition, it was the duty of the trial court to permit the case to go to the jury. In so doing no error was committed in this case.

We have carefully read the charge of the court on the law. Counsel for the plaintiff in error contends that under the charge of the court the jury could have returned a verdict for the full amount claimed in the petition or for a lesser amount which might have been found due by it to the plaintiff according to the custom of the defendant company. It is the view of this court that the charge of the lower court was too broad upon this question. For instance, on page 73 of the record we find this language:

"Forms of verdict will be furnished you, one of which you may find for the plaintiff and if you do, you will insert at the proper place the amount which you find he is entitled to receive. Now that will depend upon your finding as to what kind of business this was with Dr. Fletcher, whether it was entirely new or, whether it was replacement or rewritten business, together with interest from proper date, and the court tells you the proper date is January 26, 1933, as found in the petition."

We believe that the sole question which should have been submitted to this jury was whether or not the plaintiff was entitled to recover upon the contract set out in his petition. In order for him to so recover he must have established that contract by the greater weight of the evidence. In short, the plaintiff below was entitled to recover either the amount prayed for, or the verdict should have been for the defendant. Under the charge above quoted, it would have been possible for the jury to have returned a verdict for the plaintiff for a lesser amount, and that amount, if the jury had followed the evidence, would have been 2½% of the amount of the first year's premium paid on this insurance policy, or 1/10th of the amount sued for. Had such a verdict been returned, no complaint could have been made by the plaintiff in error for the reason that it permitted to be admitted in evidence without objection plaintiff's Exhibit B. This exhibit was a memorandum issued by the defendant company through its proper officers by the terms of which it agreed to pay the plaintiff below for the sale of the insurance policy in question a sum equal to 2½% of the premium on the first policy year. This was the contention of the defendant below throughout the case, namely, that while the plaintiff below had sold this insurance he was only entitled as his commission to 2½% of the first year's premium. Therefore, if under the instruction of the court as given the jury had returned such a verdict no hardship would have operated upon the plaintiff in error. It is the court's view, therefore, that, while the charge of the court in the particular herein set forth is not free from error, any error contained therein is not prejudicial to the plaintiff in error. If surmises may be drawn, it is reasonable to say that the charge of the court in this particular was more favorable to the plaintiff in error than to the defendant in error, as it permitted the jury to return a verdict in the amount which the plaintiff in error admitted was owing, if it so desired.

In the last specification set out in the brief it is claimed that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. In our remarks addressed to the third specification we re-

fer to the fact that the plaintiff below testified positively concerning the terms of his oral contract with the defendant company. While that testimony was contradicted by other witnesses who were introduced by the defendant, still it was within the province of the jury to believe the plaintiff. If the jury did believe the plaintiff, then this verdict was in line with the testimony and the evidence in the particulars of the plaintiff's testimony and the verdict should not be interfered with by a reviewing court. It is our judgment that there is sufficient evidence in this record to warrant the return of such a verdict. The verdict is not contrary to law.

Finding no errors in the record which are prejudicial to the plaintiff in error the judgment of the lower court will be affirmed and entry may be so drawn.

BARNES, PJ, and HORNBECK, J, concur.