WASICEK, Administratrix, Respondent, vs. M. CARPENTER BAKING COMPANY, Appellant.

*December 5, 1922—January 9, 1923.*

*Death: Excessive damages: For pain and suffering: To widow: Reduction of verdict.*

1. It is only where the damages awarded by a jury are so excessive that it can be said as a matter of law that the jury must have been actuated by passion or prejudice that the appellate court will set aside the verdict on an assessment of damages under the death statute.

2. Where deceased, a faithful, industrious, and saving husband thirty-five years old, earning $155 per month, with permanent employment, left a widow thirty-two years old and four children, one of whom was defective, a verdict awarding $10,000 for the widow's pecuniary loss was not excessive.

3. The amount received by a widow from a pension fund should not be considered in assessing damages for the wrongful death of her husband.
4. A verdict of $2,625 for three hours of conscious pain and suffering, deadened by opiates, is excessive and is reduced to $500.
5. Where the error complained of was an excessive award which was reduced by the trial court, in the absence of any other error affecting the substantial rights of the party seeking reversal the judgment will be modified and affirmed under sec. 3072m, Stats.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Modified and affirmed.*

Action by administratrix, widow of Wenzel Wasicek, deceased, who was a fireman of the city of Milwaukee, at the time of his death thirty-five years of age. He left the plaintiff, his widow, thirty-two years of age, and four children, aged ten, seven, six, and four years, respectively. The second child is a defective and will be a permanent charge upon the mother. Deceased had little means and left his family dependent. His wages were $155 per month, with some expectancy of promotion 'and wage increase. His income was devoted very largely to the support of his family. He was industrious, economical, and attentive to his family.

The deceased's expectancy of life was 31.78 years. The widow's expectancy of life was 33.92 years. The widow, since the death of her husband, receives $35 per month from the Milwaukee firemen's pension fund, and each child receives $5 per month until age eighteen.

Upon the trial of the action defendant's liability for damages was admitted, and the sole questions submitted to the jury related to assessment of damages. The deceased came to his death through collision of defendant's automobile and a fire truck on which he was riding, resulting in hurling the deceased some fifteen feet and in a crushing of his chest and other injuries. He lived only a short time,

being conscious some three hours, and his physical suffering was somewhat deadened by morphine. The jury assessed damages as follows:

For the estate, exclusive of pain and suffering.. $600 75
For pain and suffering ..................... 2,625 00
For compensation of the widow for pecuniary
    loss ..............................15,000 00

The latter sum was reduced by the court to $10,000, in compliance with the statutory limitation, and judgment was entered for $13,468.60.

The defendant assigns as errors that the second and third items of the verdict are excessive and show prejudice and passion of the jury. Defendant demands a new trial.

For the appellant there were briefs by *John J. Maher,* attorney, and *Freeman & Bendinger,* of counsel, all of Milwaukee, and oral argument by *Mr. Maher.*

For the respondent there was a brief signed by *W. B. Rubin* of Milwaukee, of counsel, and oral argument by *Mr. Rubin.*

CROWNHART, J. There is no yard-stick by which either the jury or the court can accurately measure the damages in a case of this kind. The legislature has said that the jury shall assess such sum as they deem fair and just. Courts, while recognizing the primary right of the jury to fix the damages as in their judgment seems fair, have laid down some tests of reasonableness within the limits of which the jury may be confined. These tests are not and cannot be the same in all cases. The jury is confined by law to consider pecuniary loss only. That includes, of course, all valuable considerations. Counsel for both parties have furnished us with interesting tabulations and figures which are more or less speculative. But there are some very definite circumstances in this case that tend strongly to support the verdict for pecuniary loss to the widow. The

salary, permanency of position, and probable promotion
are definitely before us.   The deceased was a faithful hus-
band and father, industrious and saving.   His income was
largely devoted to his family.   His duty to support the
children, including the defective child, upon his death de-
volved upon the widow.   She will need for the family a sum
nearly as large as was required before the husband's death.
Her opportunities for doing those things which she could
do for herself and children with the help of the husband
are lessened, and that means loss of money value.   To sew,
knit, buy necessities carefully, and care for the household
duties economically, means much in spreading out the
small income to meet the needs.   The salary of the husband
is not the only valuable contribution he makes to the up-
keep of the household if he is attentive to his family.   We
judicially know that there are very many things that a
prudent and careful husband does for the comfort and
welfare of the family that have a substantial money value.
He may raise a garden, paint the house outside and inside,
attend the furnace, put up and take down the storm win-
dows and screens, be electrician, plumber, and carpenter, in
a small way, in repairing the home and fixtures, and in very
many ways his spare time from his job becomes of great
value in eking out a scanty income.   The jury are drawn
from the common walks of life, and may be presumed to
know these things without proof.   They are at liberty to
draw from the common experience of mankind in arriving
at their verdict.   Because of these facts and the jurisdic-
tion conferred on the jury by the constitution and the
statutes, this court is reluctant to disturb their verdict.
Hence it is only in a case where the damages are so exces-
sive that we can say as a matter of law that the jury must
have been actuated by passion or prejudice that we will set
aside the verdict on an assessment of damages under the
death statute.

We have reviewed the cases cited by the appellant, and judged by the tests laid down for the guidance of courts and juries it seems to us that under all the circumstances of this case $10,000 is a fairly modest sum for pecuniary loss of the widow. The amount the widow receives from the pension fund is not properly to be considered by the court or jury in assessment of damages. *Cunnien v. Superior I. W. Co.* 175 Wis. 172, 184 N. W. 767.

The amount awarded for pain and suffering is much more difficult of approximation. It must be manifest that $2,625 for three hours of conscious pain and suffering, deadened by opiates, cannot stand, for, if so, there would be cases where such damages would mount into hundreds of thousands of dollars, maybe millions. There is no accurate scale by which either court or jury can determine damages for pain and suffering. They must, however, exercise their judgment and discretion. We have before us many cases where juries have passed upon damages for pain and suffering. By considering these and the circumstances of each, we may get a fairly balanced average. In this case we conclude that $500 is the utmost that can be allowed for pain and suffering. The verdict is not perverse. The jury simply had no tangible evidence upon which to base it. That being so, it is best for both parties to have a final decision here. Pursuant to sec. 3072m, Stats., we modify and affirm the judgment of the circuit court accordingly.

*By the Court.*—The verdict for $600 special damages, and $10,000 for pecuniary damages by reason of the death of the husband, is affirmed, and the verdict for $2,625 for pain and suffering is reduced to $500. Judgment will be entered accordingly, defendant to have costs on this appeal.