ROGERS, Executrix, Respondent, vs. LURYE FURNITURE COMPANY, Appellant.

*December 9, 1926—January 11, 1927.*
*September 17—October 11, 1927.*

*Negligence: Customer in store falling down elevator shaft: Contributory negligence: Presumption that person will avoid danger: Damages: For death of elderly man: For pain and suffering: New trial unless excessive damages are remitted.*

1. The evidence in this case is *held* sufficient to present jury questions as to whether a clerk in a furniture store was negligent in opening a door leading to an elevator so wide that a customer who accompanied him walked into the open elevator shaft, and whether the customer was contributorily negligent. p. 501.
2. It is presumed that one will use ordinary care to protect himself from danger and will not knowingly and consciously place himself in imminent danger because of the natural instinct of self-preservation.    p. 499.
3. Where the only witness to the accident was the clerk of the defendant furniture dealer, the jury could consider such fact as affecting the credibility of the witness, as well as his manner and appearance on the stand.    p. 501.
4. A verdict for $8,500 for three days' pain and suffering, reduced to $2,000 by the trial court, is *held* excessive, and should not exceed $500.    p. 502.
5. In an action by a widow with a life expectancy of 8.97 years for the death of her husband, aged seventy years, with an expectancy of 8.40 years, a verdict for $10,000 is *held* excessive, under the evidence, and pursuant to sec. 251.09, Stats., a new trial is granted on the question of damages only, unless defendant will consent to judgment for $8,000.    p. 502.

APPEAL from a judgment of the circuit court for Douglas county: W. R. FOLEY, Circuit Judge. *Reversed and new trial granted as to damages only.*

Death by wrongful act. This is an action by the administratrix under the statute for damages for death by reason of a wrongful act. The case was tried before a jury, and the jury found for the plaintiff on a special verdict, and judgment was entered thereon in favor of the plaintiff for $12,209. The defendant appealed, and assigns as errors: That the court erred in refusing to grant the motion of the defendant for a directed verdict; in refusing to grant the motion of the defendant for judgment notwithstanding the verdict; in failing to grant the motion of the defendant to set aside the verdict and for a new trial because the verdict was contrary to law; and in failing to grant motion of defendant to set aside the verdict and for a new trial.

For the appellant there were briefs by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *Clarence J. Hartley.*

For the respondent there was a brief by *Powell & Sprowls* of Superior, and oral argument by *John S. Sprowls.*

The following opinion was filed January 11, 1927:

CROWNHART, J. Harrie Rogers, a man seventy years of age, in good health, active, but of a nervous temperament, entered the furniture store of the appellant to purchase some furniture. He made known his wants to one Wachsmuth, an employee of the appellant, who led him to the elevator shaft with the intention of going on the elevator from the first floor to the third floor of the building, where the furniture was located. Wachsmuth proceeded to the shaft slightly ahead of Rogers and to his right. The elevator was at the third floor. As he approached the elevator shaft Wachsmuth opened the door and reached in with his left hand to pull the elevator cord which would bring the elevator to the floor where he was standing, and 'at the

same time, with his right hand, he pushed a button to ring a bell to notify any one on the floor where the elevator was stationed that it was about to move. At one time Wachsmuth testified that he opened the door from twelve to fifteen inches, and at another time he testified that he opened it from fifteen to eighteen inches, and that the door stopped at that point. He further testified that while he was in the act of ringing the bell and about to pull the elevator cord he heard Rogers strike the pit of the elevator, and then found that he had fallen through the open door down the shaft to the pit. From this fall Rogers received injuries resulting in his death three days later. He was unconscious when found in the pit, but regained semi-consciousness for much of the time until his death. The jury found that Wachsmuth failed to exercise ordinary care in not warning the deceased that the elevator was not at the landing at the time he opened the elevator door; that such failure to exercise ordinary care was a proximate cause of the accident; that the appellant failed to exercise ordinary care in not having the elevator shaft lighted; that such failure to exercise ordinary care was a proximate cause of the accident; that there was no want of ordinary care on the part of the deceased which proximately contributed to cause his injury; and assessed the damages of the widow at $10,000, and damages to the estate in the sum of $509 for expenses and $8,500 for pain and suffering.

The trial court changed the finding of the jury that the defendant failed to exercise ordinary care in not having the elevator shaft lighted, and that such failure was a proximate cause of the accident, from the affirmative to the negative, and reduced the damages on account of pain and suffering from $8,500 to $2,000, and entered judgment accordingly.

It is contended on behalf of the appellant that the evidence failed to sustain the verdict in finding that the appellant was guilty of negligence and in failing to find that the deceased

was guilty of contributory negligence. The evidence seems to make this a border-line case, and presents a close question both as to the negligence of the defendant and as to the contributory negligence of the deceased. Rogers was more or less familiar with the building, and he had passed up and down this elevator several times before. It does not appear, however, that he had ever approached the elevator as a passenger prior to the time of the accident, when the elevator was not at the floor from which he approached it. The elevator was operated by electricity. It did not have a regular attendant, but different employees of the appellant operated it as occasion demanded. The elevator was in a part of the building where it was not very light. The shaft had no lights, and as parties approached it their backs would be toward the light and their vision into the shaft somewhat obscured. It appears that the elevator door was ordinarily opened by the use of a key, but it could be opened by giving a hard pull on a chain attached to the door. On the occasion in question Wachsmuth opened the door by pulling on the chain and shoving the door back with his right hand. If the door stopped, as he testified, when open from twelve to eighteen inches, his body would practically close the opening as he turned to pull the elevator cord. If, as it is claimed, Rogers further opened the door, it would be strange indeed that he could do so in such a short space of time and without the knowledge of Wachsmuth, who neither heard, saw, nor knew that Rogers touched the door. The elevator door was composed of two sections, one sliding back of the other, and we must assume that the movement of the door would make the usual noise that comes from the operation of such doors. It was shown that when the door stopped moving it would not again start moving easily, but the door was opened by a strong pull and may have had a greater momentum than Wachsmuth thought, and failed to stop as he thought it did.

The law presumes that a person will use ordinary care to

protect himself from danger, and that he will not knowingly and consciously place himself in imminent danger because of the natural instinct of self-preservation.   Jones, Evidence (2d ed.) § 15; 22 Corp. Jur. 94; *Andrzejewski v. North-western Fuel Co.* 158 Wis. 170, 148 N. W. 37.

It seems highly improbable that a man of the age of seventy years, intelligent and active, under the circumstances here shown, would open the elevator door of his own accord and step into the shaft without knowing that the elevator was at the floor.   On the other hand, if the door was opened by Wachsmuth, that would constitute an invitation to Rogers to enter, which he would naturally accept, and he was not required to stop and make any special examination to see that the elevator was at the floor.   *Tousey v. Roberts,* 114 N. Y. 312, 21 N. E. 399; *Christensen v. James S. Hannon, Inc.* 230 N. Y. 205, 209, 129 N. E. 655.   The difficult question here is to determine whether or not Wachsmuth opened the door wide enough for Rogers to enter.   It is an undisputed fact that the door was wide open after the accident, and it is undisputed that no one saw Rogers touch the door or heard him move the door, and Wachsmuth is unable to account for the door being open, except by inference. We think, however, that the jury had a right to draw the proper inference from the facts.   23 Corp. Jur. 54.   It is true that Wachsmuth claims that he did not open the door wide, but from the fact that the door was open wide, and from the fact that Wachsmuth does not claim to have seen or heard Rogers open it, and from the fact that Rogers fell into the shaft almost instantly after Wachsmuth opened the door, we think the jury were justified in drawing the inference that Wachsmuth was mistaken about the door stopping, but that it continued to roll back from the momentum that he gave it in opening it, until it was wide open for Rogers to enter.   The door was a heavy steel door, and would naturally acquire a considerable momentum if opened with a hard pull.

The only witness to the accident was the employee, Wach-smuth, who naturally would not be inclined to accept the blame for Rogers' death. The jury had a right to consider this fact as affecting the credibility of his evidence, as well as his manner and appearance on the stand. Sometimes the manner of a witness on the stand speaks louder than his words. The trial court also had the advantage of observing the witness on the stand, and the court refused a directed verdict or to grant a motion for a new trial.

The appellant relies upon *Switzer v. Detroit Inv. Co.* 188 Wis. 330, 206 N. W. 407, and *Bremer v. Pleiss,* 121 Wis. 61, 98 N. W. 945, but neither case is closely in point. In the *Bremer Case* the plaintiff was a guest at a hotel and was in the habit of using the elevator. The plaintiff, in that case, approached the elevator door and found it open, with no attendant present. The elevator was not at the floor, and he fell into the shaft. In that case there was no em-ployee of the hotel present to invite him to enter. In the instant case Rogers was an invitee, and was acting at the instance of Wachsmuth, who was going with him to the elevator to ride to the third floor. If the door was thrown open by Wachsmuth, Rogers might rightfully have assumed that he was to enter.

In the *Switzer Case* the plaintiff entered an office building, passed the regular attendant at the entrance, and went into the building some distance, where he found the elevator door slightly ajar. He proceeded to open the door in the absence of the operator, and stepped into the shaft. Here, again, the invitation was lacking and the plaintiff was acting on his own initiative. The instant case is more like that class of cases where the defendant is guilty of creating a snare or trap, by which the plaintiff is injured. But on the whole case we are satisfied that the evidence was sufficient to take the case to the jury, both on the question of negligence and contributory negligence.

The appellant contends that the damages are excessive,

both as to pecuniary damages to the widow and damages to the estate for pain and suffering. The damages for pain and suffering, as found by the jury, are undoubtedly excessive. We fully discussed this subject in *Wasicek v. M. Carpenter B. Co.* 179 Wis. 274, 278, 191 N. W. 503, a case quite similar to the instant case. We need not repeat what was there said, but we are of the opinion that this case is ruled by the *Wasicek Case,* and that the damages for pain and suffering should be reduced to $500.

Upon the question of pecuniary damages to the widow, the record furnishes a fairly satisfactory basis upon which to form a judgment. Mr. Rogers was seventy years of age when he met his death. His expectancy of life was 8.40 years. The widow was sixty-nine years of age, and her expectancy of life was 8.97 years. Rogers was engaged in the real estate and insurance business, and during the last five years he earned in that capacity a net average yearly income of $2,110, but in addition had earned $3,100 from an outside source, which had been closed up before his death. It is within the reasonable experience of men that, at the age of seventy, or even before, a man's earning capacity in active work begins to slow down, and this is indicated by a statement of the earnings of Mr. Rogers. In the year 1922, after deducting earnings from the outside source, his earnings were $2,328; in the year 1923, $2,038, and in the year 1924, $1,841. In view of the reasonable expectation of diminishing returns from the services of Mr. Rogers, his personal expenses had he lived, and the present worth of his probable earnings, it is the opinion of the court that the judgment for pecuniary compensation to the widow should be reduced from $10,000 to $8,000, in the interest of justice. Pursuant to sec. 251.09, Stats., it is directed that judgment be entered accordingly.

*By the Court.*—The judgment of the circuit court is modified as indicated in this opinion, and as modified it is affirmed.

On April 5, 1927, a motion by the appellant for a rehearing was granted, and the cause was reargued on September 17, 1927. The following opinion was filed October 11, 1927:

PER CURIAM. Upon a rehearing of this cause the decision of the court as reported *ante,* p. 496, 211 N. W. 782, is affirmed, except that the mandate is amended in accordance with the decision in *Campbell v. Sutliff, ante,* p. 370, 214 N. W. 374, to read:

The amount of damages as indicated in the opinion is considered the highest amount that an unprejudiced jury could reasonably find under the facts of the case. The judgment of the circuit court is reversed, and a new trial granted on the question of damages only, unless the defendant shall, within ten days of the filing of the *remittitur* with the clerk of the circuit court, elect to allow entry of judgment for the amount of damages suggested in the opinion.