RUSSELL GRADER MANUFACTURING COMPANY, Appellant, vs. BUDDEN and another, Respondents.

*December 6, 1928—January 8, 1929.*

616

617

618

For the appellant there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *L. A. Brunck-horst*.

*Harry E. Carthew* of Lancaster, for the respondents.

ESCHWEILER, J. Just why the written order of October 7th was held to be the effective contract between the parties instead of the subsequent conditional sales agreement signed by both parties as of October 10th is not apparent, but inasmuch as the parts material to our disposition of the case, namely, the description of the article, are the same in the two writings, and the trial court being entirely correct in his final ruling that there was no showing made of any fraud perpetrated upon the defendants in connection with the taking of the order (which was necessarily the same as to the conditional sales contract), these features of the case need no further attention.

It was undisputed that the Universal Crusher Company of Cedar Rapids had been manufacturing and putting on the market for a number of years such machines and that the description as found in the order, the conditional sales contract, and even as so specified by defendants in their alleged oral contract, was of an article with an established trade name. The sale of it therefore brought it within sub. (4) of sec. 121.15, Stats., providing, "In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

There was no proper showing made in this case under which the defendants could rely upon the provisions of sub. (1) of the same statute attempted to be asserted by them in their answer as to any oral contract. That subsection provided, so far as here material:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, . . . there is an implied warranty that the goods shall be reasonably fit for such purpose."

See *Lee v. Pauly Motor Truck Co.* 179 Wis. 139, 145,

190 N. W. 819; *Boston Consolidated Gas Co. v. Folsom,* 237 Mass. 565, 567, 130 N. E. 197.

It is undisputed that for the same general size of this crusher there were different adjustments in connection with the movable jaw and the pitman or arm moving it to accommodate the crusher for the various kinds of work, hardness of rock, and uses to which it might be .put. There was apparently a dispute as to the exact measurement of the opening between the jaws of the crusher as first delivered, but after the change made in March by the manufacturer's mechanic it appears from the testimony and defendants' letter of March 16th, *supra,* that the size of the opening corresponded substantially with that mentioned in the order and contract. Although defendants' letter of March 16th says that the crusher is still not that which they ordered, nothing is there said, nor shown in the evidence, in what other respect there was any failure to meet the requirements of the contract.

Defendants offered no one familiar with that kind of a machine and its trade name or description to testify that the machine as delivered was not the machine ordered. On the other hand, there was positive testimony by witnesses familiar with the manufacture and sale of such crusher that the one delivered was the one ordered.

Two other machines of the same description as to size, 9 x 16, had been sold in the same neighborhood subsequent to the sale here, and the two purchasers of such machines testified that the machines they respectively bought had an opening at the top of the jaws of 8½ or 9 x 16 inches. Neither of these two witnesses, however, appeared to have examined the machine delivered defendants or to have actually compared the two.

The change made in the following March, from which time on defendants kept and used the machine, was not such

as altered their respective rights and liabilities. *Bayley Mfg. Co. v. Bowers,* 178 Wis. 180, 188 N. W. 481.

The machine having been sold under a particular trade name and description, it was plainly incumbent on defendants to show by witnesses competent to testify on the subject that the crusher they received was not the one they ordered, and for want of such evidence there was no defense to the notes.

Upon this record plaintiff was entitled to judgment.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff for the amount prayed for in the complaint.