416

WEST, by guardian *ad litem,* Respondent, vs. JOHNSON, Appellant.

*October 13—November 11, 1930.*

For the appellant there was a brief by *Bender, Trump, McIntyre & Freeman,* attorneys, and *Eugene L. McIntyre* of counsel, all of Milwaukee, and oral argument by *Mr. McIntyre.*

For the respondent there was a brief by *Keller, Keller & O'Leary,* attorneys, and *L. Hugo Keller* and *Gustave J. Keller* of counsel, all of Appleton, and oral argument by *L. Hugo Keller.*

FOWLER, J. The appellant assigns as error that the court should have granted his motion for a directed verdict on the grounds that as matter of law the defendant was free from negligence and the plaintiff guilty of contributory negligence and claims that judgment should have been entered for the defendant. He claims further that if judgment should not have been so entered, the verdict as reduced by the court is in excess of the lowest amount which the jury might properly have awarded under the evidence and that the court erred in giving the plaintiff option to take judgment in excess of such smallest amount.

(1) We are of opinion that the jury was justified in finding the defendant negligent for passing so close to the street car at such speed immediately after passengers had alighted without giving warning of his approach.

(2) The question of the boy's contributory negligence is closer. We have examined the decisions of this court which treat contributory negligence under circumstances at all similar so far as they have been called to our attention. In *Morice v. Milwaukee E. R. & L. Co.* 129 Wis. 529, 109 N. W. 567, a man alighted from and passed behind a northbound street car on a double-track line. The inside rails of the two tracks were four feet apart. When the man passed the first rail the car had gone four or five feet, and when he reached the second it had gone ten or fifteen. He looked for an approaching car when he alighted but saw none. He did not look again until he got between the inside rails of the

two tracks, and the instant he looked he was struck by a south-bound car. He was held negligent as matter of law. The circumstances more strongly indicate negligence there than do those here, and the pedestrian was an adult.

In *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W. 770, a nine-year-old boy was crossing a street on which was a double-track car line. Before starting he looked in one direction but did not look at all in the other. He saw a car coming from the direction in which he looked, and after it passed stepped without looking in front of a car coming from the direction in which he had not looked. Had he looked both ways in the first place or in the other direction before starting to cross behind the car for which he waited, he would have seen the car that struck him. He was held negligent as matter of law. While he was younger than the plaintiff here, the circumstances much more strongly indicate negligence.

In *Feyrer v. Durbrow,* 172 Wis. 71, 178 N. W. 306, a fourteen-year-old newsboy was held negligent as matter of law. He went from the curb without looking, directly in front of an auto that he must have seen had he looked. This is far from the instant case.

In *Wills v. Ashland Light, P. & St. R. Co.* 108 Wis. 255, 84 N. W. 998, a fourteen-year-old boy stepped on a street railway track without looking at all when a street car was approaching behind him. He was watching a train passing on a near-by track. Had he looked at all in the direction from which the street car came he would have seen it. He was held guilty of negligence as a matter of law. But as in the other cases stated, the facts more strongly indicate negligence than do the facts here.

The learned trial judge, as his written opinion rendered on the motion after verdict shows, gave careful consideration to the question of the plaintiff's negligence and considered that it was a jury question whether the boy "could have seen the automobile while still in the zone of safety,"

and whether "the taking of a single step beyond the south rail was a negligent act." We cannot say that this was error.

(3) The trial judge considered the verdict excessive. In this he was clearly right. While he does not expressly say so, it would seem that he either considered that $1,500 was about what the jury should have assessed as damages or that it was the highest amount that they might properly award under the evidence. In either view it was error to give the plaintiff option to take judgment for that amount, for it is quite apparent that the jury might properly have awarded a less sum upon the evidence, and when the plaintiff is given an option to take judgment for a stated amount or stand a new trial, the amount fixed must be the lowest that the jury might properly assess. *Muska v. Apel* (decided Oct. 14, 1930) 203 Wis. 389, 232 N. W. 593.

*By the Court.*—The judgment is reversed, with directions to order a new trial.