MUSKA, Respondent, vs. APEL and another, Appellants.

*September 15, 1930—February 10, 1931.*

392

For the appellants there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Fred Arnold* of Eau Claire, and oral argument by *Mr. Arnold* and *Mr. Messerschmidt.*

For the respondent there was a brief by *Alexander Wiley* and *Robert L. Wiley,* both of Chippewa Falls, and oral argument by *Alexander Wiley.*

The following opinion was filed October 14, 1930:

FOWLER, J. The defendants first urge that the court erred in ruling that plaintiff's pole was not a snag pole. The statute, sec. 29.27 (2), defines the term "snag pole" as meaning any pole to which a number of fish hooks or clusters of fish hooks of any kind or description are attached, and designated (designed) to be placed in or drawn through the water for the purpose of catching fish. Sec. 370.01 provides that certain rules stated "shall be observed" in the construction of the statutes of this state unless such construction would be inconsistent with the manifest intention of the legislature, among which rules is sub. (2), providing that "Every word importing the plural number only may extend

and be applied to one person or thing as well as to several persons or things. . . ." Applying this rule to the statute defining a snag pole would not be inconsistent with the manifest intention of the legislature in enacting the statute, but would on the contrary construe the statute to express its manifest intention, which was to prevent the use of any pole to hook into the body of fish and catch them by drawing the pole through the water. The pole with one hook attached constitutes as formidable an implement for catching fish by impaling them as does a pole with two hooks or a spear. A pole with two hooks would constitute a literal compliance with the statute. In view of its manifest purpose we construe the statute as making the pole in evidence a snag pole if designed to snag fish, although literal construction of the phrase "any number of hooks or clusters of hooks" might at first blush seem to support the construction of the statute given by the trial judge.

Sec. 29.05 vests in game wardens the right "to arrest, with or without a warrant, any person detected in the actual violation, or whom such officer has reasonable cause to believe guilty of the violation of any of the provisions . . ." of the fish and game laws. It is considered that the use of the pole in attempt to snag fish, or the possession of it with design or intent to use it for that purpose, constituted a violation of the snag-pole statute, and that sec. 29.05 authorizes a warden to arrest with or without a warrant a person caught in the act of so using or having the pole or caught under circumstances such as to constitute reasonable cause for the warden to believe he was using or having it for such purpose, and authorizes a warden to make an arrest either at the immediate time of so catching the person or subsequently.

If the pole was used or kept by the plaintiff as a snag pole the defendants' arrest of the plaintiff was lawful and

the judgment should be reversed, unless the findings of the jury that the plaintiff before his arrest was not using the pole by drawing it through the water in attempt to catch fish and that the defendants did not have reasonable ground to believe he had violated the statute "relating to the *use* of a snag pole," justify the judgment. The complaint in the criminal case charged "unlawfully having, controlling, and using a snag pole." The findings that plaintiff did not "use the pole by drawing it through the water" and that defendants did not have reasonable cause to believe he had "violated the statute relating to the use of a snag pole," taking the word "use" as indicating use in actual attempt to snag fish with it, are both supported by the evidence. This, however, does not preclude "having or controlling" a pole with a hook attached *designed* for use in catching fish by drawing it through the water, which would of itself constitute violation of the statute. No inquiry was put to the jury whether plaintiff had the pole with intent to snag fish. The question put mentions nothing but use in attempt to catch fish. The statute is not quoted and nothing is said in the instructions to indicate that it covers anything but use in attempt to catch. Nor was inquiry made whether the arrest was made for possession with such intent. Under the evidence, whether the plaintiff had the pole with design to snag fish and whether the defendants made the arrest on this ground, as well as on the ground of actual use of the pole to catch fish, were jury issues. The jury's finding that defendants arrested plaintiff for *use* of a snag pole in violation of the statute can hardly be construed as negativing the idea that they arrested him on the further ground of "having and controlling" the pole in violation of the statute.

Applying these views results in reversal and new trial of the false imprisonment count on the question of intent or design to use the pole to catch fish. And as the questions

submitted on the assault and battery count were based upon the hypothesis that the arrest was unlawful and reasonable resistance was lawful, there must be a new trial on that count also, as if the arrest was lawful there was no right to resist and the plaintiff's use of force was unlawful and he is liable in damages for the injuries thereby inflicted. The new trial should be upon all the issues.

Some other errors are alleged as ground for reversal. One is the court's instruction as to burden of proof, giving it as to satisfy to a reasonable certainty by a preponderance of the evidence, instead of as to prove by a clear and satisfactory preponderance of the evidence. This was error under the rule of *Bursack v. Davis,* 199 Wis. 115, 225 N. W. 738, but the error was there held not to require reversal. The same should be held here and the case should not be reversed for that error alone.

The judgment allows costs to the plaintiff. Appellants contend this was error under sec. 29.05 (9), which provides that in any action against a game warden involving any official action the district attorney shall appear for the warden and no costs shall be taxed to either party. Upon the face of the statute the point is well taken, unless the exemption from liability for costs is unconstitutional as discriminatory class legislation. Nothing appears in the respondent's brief to indicate that it is of this nature. The provision was apparently made because the amount of judgments for damages rendered against state officers for acts done pursuant to their official duties, when paid by the officers, are quite commonly reimbursed to them pursuant to act of the legislature. The state is therefore indirectly interested in such judgments. Costs are not allowed against the state in actions brought against it when such actions are permitted, and by analogy are not allowed against state officers in actions of the nature stated. This affords reasonable basis for

the provision. While the costs fall with the rest of the judgment, the matter is mentioned to save repetition of the error in case judgment goes against the defendants upon a new trial.

It is deemed advisable to mention another matter of practice. The trial judge considered $800 damages as high as the evidence would warrant, and awarded a new trial unless plaintiff would accept judgment for that amount. When, in case of an excessive award by the jury, option is given to the plaintiff to accept judgment for a less sum or stand a new trial, the amount fixed should be for the least amount the evidence will warrant. When the option is for a new trial unless consent is given to judgment for the greatest amount the evidence will warrant, this option is given to the defendant instead of to the plaintiff. *Gerlach v. Gruett,* 175 Wis. 354, 360, 185 N. W. 195, and cases there cited. This court subsequently departed from this rule in a few cases but soon reverted to correct principles. The final word upon the subject is contained in *Campbell v. Sutliff,* 193 Wis. 370, 214 N. W. 374, and *Rogers v. Lurye F. Co.* 193 Wis. 496, 211 N. W. 782, 215 N. W. 457; followed in *Nelson v. Duluth St. R. Co.* 197 Wis. 28, 221 N. W. 388, and *Russell Grader Mfg. Co. v. Budden,* 197 Wis. 615, 222 N. W. 788.

*By the Court.*—The judgment is reversed and cause remanded for a new trial.

WICKHEM and NELSON, JJ., took no part.

A motion for a rehearing was denied, with $25 costs, on February 10, 1931.