PRANGE, Administrator, Respondent, vs. ROGNSTAD, Appellant.

*April 7—May 12, 1931.*

For the appellant there was a brief by *Hannan, Johnson & Goldschmidt* of Milwaukee, attorneys, and *Whaley & Paulsen* of Racine of counsel, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen*.

*L. E. Vaudreuil* of Kenosha, for the respondent.

FOWLER, J. The appellant claims that the court erred: (1) In holding that there was sufficient evidence of negligence of the defendant. (2) In refusing to hold that the deceased was guilty of contributory negligence as matter of law. (3) In refusing to instruct the jury as requested by defendant (a) in respect to contributory negligence, and (b) in respect to damages for pecuniary loss. (4) In failing to give any instruction on the question of damages for pain and suffering. (5) In failing to award a new trial on the ground that the damages are excessive (a) for pain and suffering, and (b) for pecuniary loss.

(1) We consider that the evidence was ample to support the findings of negligence of the defendant. No useful purpose would be served by discussion of this assignment of error.

(2) The claim of contributory negligence is based on the fact that the deceased had no light on his bicycle. No statute requires riders of bicycles to carry lights and no ordinance of the city so requiring was introduced in evidence. There is less reason for requiring a light on a bicycle than on an automobile, because of the greater speed of the latter, because the injuries done by an automobile in case of collision are likely to be more serious, and because one on a bicycle is better able to avoid collision than is the driver of an automobile. The question of a rider's contributory negligence for want of a light is as plainly for the jury as is that of a driver of a wagon or tractor for want of a tail light. *Wenninger v. Witt,* decided herewith (*ante,* p. 49, 236 N. W. 649).

(3) (a) The defendant requested the court to·instruct the jury as follows:

"You are instructed that it is the duty of a person operating a bicycle upon the public streets after dark to exercise ordinary care for his own safety, and when the exercise of ordinary care requires the operator of a bicycle upon the public streets after dark to have the same properly lighted, it is the duty of the operator of such bicycle to have the same properly lighted, and unless such bicycle is properly lighted it is his duty to refrain from operating the same upon the public streets and highways.

"It is your duty to find that Arnold Prange failed to exercise ordinary care at the time and place in question if you believe that it was so dark as to reasonably necessitate having such bicycle lighted for his own personal safety, and the fact that the accident happened within thirty minutes after sunset is immaterial. A person may be guilty of negligence in failing to exercise ordinary care even though he violates no ordinance or statute, and if you are of the opinion that an ordinary prudent person would have refrained from operating a bicycle upon the public streets under the same or similar circumstances as existed at the time and place of the accident unless the same was properly lighted, it is your duty to find that Arnold Prange was negligent in this regard."

The court gave no instruction whatever in respect to a light on the bicycle. The instructions requested were correct. Either the instructions requested should have been given or the substance of them included in the charge. Failure to do one or the other was prejudicial error.

(3) (b) The defendant requested the following instruction:

"Under the law of Wisconsin, you cannot allow any damages to the plaintiff to compensate him for the sorrow and grief or loss of society and companionship sustained by him as the result of the death of his son, and such elements must not be considered by you. You can only allow the plaintiff such amount as will compensate him for the actual pecuniary or financial loss that he is reasonably certain to sustain as the result of the death of his son.

"The plaintiff's deceased son in this case was over twenty-one years of age at the time of his death, and you are instructed that under the law of this state a parent cannot claim the services of a child as a matter of right after such child arrives at the age of twenty-one years. When a child reaches twenty-one years of age he is entitled to retain all of the money earned as the result of his services and is not required to turn the same over to his parent upon the demand of such parent.

"In assessing damages you should take into consideration the amount of money that the plaintiff's deceased son contributed to the plaintiff after he became of age and prior to the time of his death. You should also consider the fact that he was single and unmarried at the time this money was contributed and the likelihood of his continuing to contribute this amount to his family in the event of his marriage and acquiring a family of his own. Furthermore, it is proper for you to consider the length of time which the parents of Arnold Prange could reasonably expect to receive financial aid from him. If, from the evidence, you are satisfied that, by reason of their age and physical health, their life expectancy is so limited that they could not reasonably expect the financial assistance of their deceased son for many years, you will make due allowance for this fact.

"You should not allow vindictive or punishing damages, or damages that are highly speculative, but your award must be based upon the actual financial loss that will result to the plaintiff and that alone without any regard to grief or sorrow sustained by the plaintiff."

The defendant was entitled to have the above instructions or their fair equivalent given. The court only instructed as follows on the subject of the parent's pecuniary loss:

"In assessing damages for the death of Arnold Prange you have a right to take into consideration the testimony bearing upon that question and allow such damages as you deem a fair and just compensation, with reference to the pecuniary injury, resulting in the death of Arnold Prange, and in estimating the plaintiff's damages you have the right to take into consideration whatever you believe, in a pecuniary way, from the evidence, the plaintiff might have reasonably expected from the continued life of Arnold Prange."

The father of the deceased was fifty-eight years of age and had "blood pressure." His mother was fifty-seven and had been in poor health for eight years. The son was twenty-six years of age and unmarried. He did not live with the parents. Neither his earnings nor his habits of life were in evidence. The father testified on adverse examination before trial that he had contributed $50 per year towards the support of the parents for the three years prior to his death and on the trial that he had contributed $150 per year. The refusal to instruct as requested was error, and in view of the facts above stated and the amount of the award was prejudicial.

(4) The only instruction given upon the question of damages for pain and suffering was as follows:

"I know of no rule that would aid you, members of the jury, or that would help you much in determining the amount of money you should give for the pain and suffering of Arnold Prange, if you find he suffered pain. You will have to use your own judgment as to that, from all the evidence in the case."

This instruction is erroneous for failing to state in substance that the award should be of such sum as would reasonably compensate the deceased for the pain and suffering he underwent as a result of his injuries, and in view of the amount of the award was prejudicial.

(5) The deceased was conscious for about three hours after his injury. The award of $1,000 for pain and suffering was excessive under the rule of *Wasicek v. M. Carpenter Baking Co.* 179 Wis. 274, 191 N. W. 503, and *Rogers v. Lurye Furniture Co.* 193 Wis. 496, 211 N. W. 782, 215 N. W. 457, wherein $500 was held to be the limit of allowance under similar circumstances.

*By the Court.*—The judgment is reversed, with directions for a new trial.