SCHAEFER, Administratrix, Respondent, vs. RAMBO and others, Appellants.

*May 10—June 20, 1932.*

For the appellants there was a brief by *D. J. Regan* and *Wengert & Moeller,* all of Milwaukee, and oral argument by *Eugene Wengert.*

For the respondent there was a brief by *Anderson, Donovan & Steinle,* and oral argument by *George H. Daum,* all of Milwaukee.

OWEN, J. This action was brought to recover damages resulting from the wrongful death of Fred Schaefer, deceased. The appellants do not question their liability. Two grounds of error are assigned. One such ground of error

is based upon the admission in evidence of the American Experience Table of Mortality. It is not the contention of appellants that the jury should not have been permitted to consider this table, but rather that the court should have taken cognizance of the contents of the table and communicated the material information contained therein to the jury as a part of its charge.

It has long been settled that mortality tables are properly receivable in evidence. *Secord v. John Schroeder L. Co.* 160 Wis. 1, 150 N. W. 971; 19 Ruling Case Law, p. 216. But whether a court should take judicial knowledge of their contents and instruct the jury with reference thereto as a matter of law, is a question not presented by the issues in this case, although the propriety thereof is strenuously urged by appellants' counsel. It will be time enough to consider this question when it is presented. In the present case the tables were received in evidence, and that cannot be held to constitute error.

The other ground of error assigned relates to the damages. It is contended that the damages awarded ($8,700) are excessive. In this amount is included burial expenses, which leaves for the widow, for whose benefit this action is maintained, an amount slightly in excess of $8,000. The deceased was sixty-five years of age. His life expectancy was 11.10 years according to the American Experience Table of Mortality. He and his wife had reared ten children. He had acquired a homestead of the value of $4,200. He was a grading contractor and did team work. His average earnings were $200 per month, all of which he turned over to his wife, who dispensed the same for the family benefit. The up-keep of the horses was approximately $425 per year. Under these circumstances we consider the award well supported by the evidence.

Appellants claim the damages are excessive when compared with the damages approved in *Rogers v. Lurye Furni-*

*ture Co.* 193 Wis. 496, 211 N. W. 782, 215 N. W. 457. We do not agree. Rogers was five years older than plaintiff's decedent. His earning capacity at the time of his death was no greater. The earning capacity of Rogers prior to his death had commenced to decline, a circumstance which does not appear from the evidence in this case with respect to decedent.

*By the Court.*—Judgment affirmed.