REYKDAL and others, Respondents, vs. MILLER and another, Appellants.

*November 9—December 4, 1934.*

562

For the appellants there was a brief by *John W. O'Leary* and *Elbert Joyce,* both of Neenah, and oral argument by *Mr. L. Hugo Keller* of Appleton and *Mr. Joyce.*

*Hugh W. Goggins* of Wisconsin Rapids, for the respondent Mabel Reykdal.

For the respondents T. J. Reykdal and Hardware Mutual Casualty Company there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theodore W. Brazeau.*

FAIRCHILD, J. The issues upon the trial below as outlined by the pleadings relate, first, to the negligence of appellant Miller and the respondent T. J. Reykdal as such negligence affected the respondent Mabel Reykdal, and, second, as to the negligence of appellant Miller as it affected the respondent T. J. Reykdal. The court, at the conclusion of plaintiff's case in chief, was of the opinion that no cause of action existed in favor of the respondent Mabel Reykdal against T. J. Reykdal and granted a nonsuit as to him and his insurance carrier. From this ruling the respondent Mabel Reykdal has not appealed and the questions incidental thereto may be left aside.

With relation to the controversy between appellant and the respondent T. J. Reykdal under the view of the evidence taken by the jury, appellant was found to have permitted his

car to stand on the highway in a manner which was in violation of sec. 85.19 (1), Stats. The legislature, by that section, sought to prevent the leaving of any vehicle upon any highway, as appellant's car was left, when it is practical to leave it standing off the "roadway of the highway," and it is there expressly provided that no such parking shall occur, with certain exceptions not material here, "unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon. . . ." The purpose of this law is to keep a highway free from the obstruction of standing vehicles. The requirement in that respect is positive unless circumstances exist which make the moving of the vehicle off the "roadway of the highway" impractical. The practical necessity for appellant leaving his car upon the concrete portion of the highway did not exist in this case. The evidence accepted by the jury as controlling warrants the inference that appellant could readily have moved his car to his right off the concrete and onto the six-foot shoulder. The jury found him negligent because he remained on "the roadway of the highway." *Elms v. Flick,* 100 Ohio St. 186, 126 N. E. 66. The finding established the cause of action of T. J. Reykdal against the appellant. The damages assessed on this cross-complaint are not excessive and no adequate reason exists for disturbing the conclusion reached below with reference to this matter. This leaves for consideration only appellant's right to a new trial. The conflict in evidence raised a jury question as to the negligence of appellant and the jury found against him. But the court was of the opinion that the damages were excessive and it permitted judgment to be entered for the highest amount which in the court's opinion any jury could find from the evidence. In giving the respondent the option to take the highest amount, the court overlooked the requirements of the rule applicable to such situations. The option to the plaintiff

under such circumstances should be to take judgment for an amount as low as an impartial jury, on the evidence and properly instructed, would probably name. The highest amount is used in circumstances where the option is given the defendant to choose between having the damages fixed at such an amount or a new trial. *Muska v. Apel,* 203 Wis. 389, 232 N. W. 593; *Campbell v. Sutliff,* 193 Wis. 370, 214 N. W. 374; *Prasch v. Prasch,* 200 Wis. 353, 228 N. W. 745; *Nelson v. Duluth St. R. Co.* 197 Wis. 28, 221 N. W. 388.

We have reviewed the testimony and concur with the learned trial judge in his opinion that the damages were excessive. From a description of the injuries sustained, we are of the opinion that the lowest amount at which a fair-minded jury properly instructed would probably assess the plaintiff's damages is $700, and have concluded under the evidence in this case that the respondent ought to have the option of taking judgment for $700 or a new trial. If within twenty days after notice of *remittitur* of the record to the circuit court respondent consents to reduce the jury's assessment of damages to $700, she may accordingly take judgment on the verdict heretofore rendered. Otherwise appellant will be entitled to a new trial of the issues between him and respondent Mabel Reykdal because the jury's award of damages was excessive.

*By the Court.*—Judgment upon the cross-complaint of T. J. Reykdal is affirmed, but judgment as to plaintiff reversed and cause remanded for further proceedings in accordance with this opinion.