JOLITZ, Appellant, vs. FINTCH and another, Respondents.
WENDT, Appellant, vs. SAME, Respondents.

*October 13—November 9, 1938.*

For the appellants there was a brief by *Eberlein & McCarthy* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondents there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell.*

FOWLER, J.   The action arose out of a collision on the highway of an automobile owned and driven by the plaintiff Wendt with one owned and driven by the defendant Fintch. The plaintiff Jolitz was a guest riding in Wendt's car.   Both Wendt and Jolitz were injured in the collision, and each sued Fintch and his insurer to recover for his injuries, alleging they were caused by negligence of Fintch.   On the trial it was admitted that the injuries were so caused and that Wendt and Jolitz were free from negligence.

The only questions submitted to the jury were as to damages.   The jury assessed the damages of Jolitz, for pain and

suffering, $2,000; for loss of earnings and permanent injury, $5,000. They assessed those of Wendt, for pain and suffering, $500; for loss of earnings and permanent injury, $1,500. The defendants moved for new trials on the ground that the awards are excessive. The court ordered a new trial unless in the Jolitz case the plaintiff would stipulate to accept judgment for $500 for pain and suffering and $1,500 for loss of earnings and permanent injury; and so ordered in the Wendt case unless the plaintiff would stipulate to accept judgment for $500 for pain and suffering and $250 for loss of earnings and permanent injury. Both plaintiffs refused so to stipulate, and each appeals from the order granting a new trial in his case. The court expressly found that the sums of $500 and $1,500 in the Jolitz case and $250 in the Wendt case were the lowest sums a jury might properly award for the items of injury for which the amounts found were assessed.

The attack upon the orders is made upon two grounds: (1) The rule that obtains in this state that when an assessment of damages is excessive and a motion for a new trial is made by the defendant on that ground, the court may give to the plaintiff the option to avoid a new trial by accepting the lowest amount that a jury might properly award on the evidence adduced upon the trial, is wrong and should be modified to permit a plaintiff to avoid a new trial by accepting such amounts as the trial court considers that the jury should have awarded. (2) The damages assessed by the jury are not excessive.

(1) The rule stated was established in *Heimlich v. Tabor* (1905), 123 Wis. 565, 102 N. W. 10. Although generally adhered to it was departed from in a few cases prior to the decision of *Gerlach v. Gruett* (1921), 175 Wis. 354, 185 N. W. 195, but was there reaffirmed and has been consistently adhered to ever since. The trial judge in the *Gerlach*

*Case,* who by the way, was the writer of this opinion, relying on departures from the rule by this court in fixing the amount of the judgment to be entered and departures by some trial courts in fixing the amount that had met the approval of this court, ventured to apply his own idea of justice where a verdict was excessive, but his venture failed. See cases cited in the *Gerlach Case.* See also *Muska v. Apel* (1931), 203 Wis. 389, 232 N. W. 593, and the cases cited therein, and the later cases, *Lehner v. Berlin Publishing Co.* 211 Wis. 119, 246 N. W. 579; *West v. Johnson,* 202 Wis. 416, 233 N. W. 94; *Reykdal v. Miller,* 216 Wis. 561, 257 N. W. 604. Counsel keep attacking the rule apparently in ignorance of or ignoring the basis of it, which is that the only way in which the defendant's right of a jury trial as to the amount of damages can be constitutionally denied is to deny him such trial in circumstances such that he is not injured, and therefore not prejudiced, by such denial. If he is denied such trial by giving the plaintiff the option to take the lowest amount a jury might properly have awarded on the evidence adduced before them, he is not prejudiced. By giving the plaintiff the option to accept any other amount the defendant would be prejudiced and a jury trial could not constitutionally be denied him. We have discussed the rule and referred to the basis of it as we have in the hope that it may cause counsel in the future to refrain from attacks upon it.

(2) Some of the assessments made by the jury in the instant cases were perhaps not excessive. But if they were not, the trial court did not rest its orders solely upon the ground of excessiveness. The order in the Jolitz case recites that the court "being convinced and satisfied that the awards made to the said plaintiff, Herman Jolitz, for pain and suffering and for loss of earnings and permanent injury are excessive and unreasonable and the evident result of passion

and prejudice on the part of the jury, and that it would be against the interests of justice to enter judgment on said verdict, . . . in the court's discretion it is ordered" as above stated. The same recitals occur in the order in the Wendt case, except that the finding of excessiveness is limited to "for loss of earnings and permanent injury." The recitals in the orders were apparently based on the opinion of the court that the plaintiffs were not injured to the extent they and their witnesses claimed. The doctors testifying to these matters varied widely in their opinions. For example, Dr. Mielke, a witness for the defendant, after describing a minute and extended examination of the plaintiff Wendt, which he fully detailed, was of opinion that Wendt had no heart enlargement or lung difficulty, had a normal chest expansion and normal breathing; found no condition that would affect his ability to labor. Drs. Marshall, Cantwell, and Gordon, who testified for the plaintiff, were of opinion that Wendt's injuries were much more severe. One of them testified that conditions due to the collision existing at the time of the trial would prevent him from doing hard manual labor. Wendt had been doing his farm work for ten and a half months preceding the trial. He testified on cross-examination that he was "perfectly well at the end of about eight or nine weeks" and that his health was all right at the time of the trial. This he qualified on redirect examination to the effect that he meant all right with "the exception that I can't breathe the way I should due to my chest being crushed." From this conflict of evidence the trial judge might properly infer that Wendt was not hurt as badly and his condition was not as bad as he and his physicians claimed, and that therefore the damages for permanent injuries were excessive and a new trial was required in the interests of justice. As to the injuries to Jolitz, the conflict in evidence between the physicians was equally marked. The trial judge appar-

ently believed that the injuries were not as great as claimed and considered as in the Wendt case that a new trial was required. We see nothing in the evidence to indicate "passion and prejudice," although the nature of the facial injuries of Jolitz were such as to excite sympathy and tend to enhance damages, and things not appearing in the record may have occurred upon the trial that tended to prejudice the jury and arouse their passion. Exaggerations and innuendoes of counsel in their address to the jury or during the course of the trial frequently have such effect. We have in mind, of course, that it is the function of the jury and not of the court to weigh evidence and determine credibility, but this does not prevent the court from ordering a new trial when of opinion that justice has miscarried through biased or wrongly based judgment of the jury. The action of trial courts in respect to the granting of new trials is discretionary, and this court will not disturb their rulings in respect thereto except for abuse of discretion or unless based upon an erroneous view of the law. *West v. Day,* 193 Wis. 187, 212 N. W. 648; *Colla v. Racine,* 194 Wis. 501, 217 N. W. 297; *R. Conner Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528; *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 189 N. W. 465; *McCoy v. Terhorst,* 188 Wis. 512, 205 N. W. 420; *Lange v. Olson,* 185 Wis. 657, 202 N. W. 361; *Day v. Pauly,* 186 Wis. 189, 202 N. W. 363; *Mellor v. Heggaton,* 205 Wis. 42, 236 N. W. 558.

*By the Court.*—The orders of the county court are affirmed.