MEISSNER v. PAPAS (two cases).

Nos. 158, 159.

District Court, E. D. Wisconsin.

Nov. 22, 1940.

Eugene J. Sullivan, of Milwaukee, Wis., for plaintiff.

James E. Coleman, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

Motions after verdict are before the court in two actions. In one Adolph Meissner as an individual is the plaintiff and seeks to recover for damages to his automobile, for personal injuries and for medical expenses incurred. In the second action Adolph Meissner, as the administrator of the estate of Elizabeth Meissner, deceased, seeks to recover in three separate causes of action (1) for damages for pain

and suffering of the deceased during her lifetime, (2) for damages for pecuniary injury and loss of society and companionship, and (3) for funeral expenses. The actions were consolidated for trial and a separate special verdict for each action was submitted to the jury. The defendant made a motion in each case for a directed verdict for judgment in favor of the defendant. The court reserved ruling upon said motions under Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

█ The court is convinced that the questions submitted to the jury in each case were questions of fact and that there was evidence sufficient to sustain the answers which the jury made, except as to Question 5(b) in the verdict in the case of Adolph Meissner as administrator. In answer to this question, the jury found that the estate of Elizabeth Meissner was entitled to recover $2,500 for her pain and suffering. It is undisputed that the deceased Elizabeth Meissner did not survive more than 45 minutes after she received her injuries. There was evidence that she was at least semiconscious during several intervals during that period, and I am satisfied from the evidence that probably for the greater portion of the 45 minutes which she survived, she was conscious of some pain. However, the allowance of $2,500 is excessive. We must be guided by the determination of the Wisconsin Supreme Court as to the proper allowance under somewhat similar circumstances. In the case of Wasicek v. M. Carpenter Baking Co., 179 Wis. 274, 191 N.W. 503, the injured man lived for three hours after his injury and the court reduced the damages to $500. In Rogers v. Lurye Furniture Co., 193 Wis. 496, 211 N.W. 782, 215 N.W. 457, the injured party died three days after the date when he received his injuries and was semiconscious much of the time until his death: In that case the court reduced the damages to $500. In the case of Theby v. Wisconsin Power & Light Co., 197 Wis. 601, 222 N.W. 826, 223 N.W. 791, the injured person lived about thirty hours after his injuries, and the court reduced the damages to $750. In Prange v. Rognstad, 205 Wis. 62, 236 N.W. 650, the injured person lived three hours after his injury; the court reduced the jury award of $1,000 to $500.

█ It is the law in Wisconsin that when the court is of opinion that damages awarded to a plaintiff are excessive, and it is desired that an option be given to the plaintiff to take judgment for a lower amount or stand a new trial, the option should be to take judgment for an amount as low as an impartial jury properly instructed on the evidence would probably name. The procedure in this State is well established as to an option to be given to the plaintiff in case of an excessive award of damages. The Wisconsin court stated the rule in a quite recent case (Swanson v. Schultz, 223 Wis. 278, 284, 270 N.W. 43, 45) as follows: "An effort by a court to correct a verdict allowing excessive damages is limited by a rule. This rule has often been challenged, and its critics have made telling arguments against it; but to avoid having the judge take the place of the jury in fixing the damages, the option rule as followed in this state was adopted. Under it the court, in case of an excessive or inadequate assessment of damages, if the situation warrants his acting at all, can leave it to the aggrieved party to choose between an amount clearly fair to the other side and a new trial. When a serious mistake has been made by the jury by way of an excessive assessment, then in order to protect the party obliged to pay against a judge's assessment of damages, the court determines from the evidence the lowest amount that an impartial jury properly instructed would reasonably award and uses that amount in framing the option to be offered to the creditor. Lehner v. Kelley, 215 Wis. 265, 254 N.W. 634; Reykdal v. Miller, 216 Wis. 561, 257 N.W. 604."

Among other cases in recent years where the same rule has been applied are: Jolitz v. Fintch, 229 Wis. 256, 282 N.W. 87; West v. Johnson, 202 Wis. 416, 233 N.W. 94; McCumber v. Rovelsky, 203 Wis. 158, 233 N.W. 627; Muska v. Apel, 203 Wis. 389, 232 N.W. 593; Risch v. Lawhead, 211 Wis. 270, 248 N.W. 127.

█ In accordance with the rule thus stated, the court here finds that $750 is the lowest amount that an unprejudiced jury properly instructed would award to the administrator of the estate of Elizabeth Meissner on account of the pain and suffering endured by her during the short period of time that she lived following her injuries.

In the case of Adolph Meissner as administrator, the plaintiff will be given an option of remitting $1,750 within ten days of the date of this opinion; and in case of so doing, judgment may be entered for

the plaintiff in the sum of $3,888.50. In the event that the plaintiff does not desire to avail himself of this option, then an order may be entered granting a new trial.

In the case where Adolph Meissner individually was the plaintiff, the jury found that his negligence contributed 20 per cent. An order may, therefore, be entered awarding judgment to the plaintiff for the amount found by the jury, less 20 per cent.