BLAISDELL, Executor, Respondent, vs. ALLSTATE INSURANCE COMPANY and another, Appellants.

*April 11—May 7, 1957.*

20

21

22

For the appellants there was a brief and oral argument by *Donald L. Farr* of Eau Claire.

For the respondent there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

FAIRCHILD, J.    The proposed bill of exceptions was served within the prescribed ninety-day period. The order extending time for settlement may therefore have been unnecessary, but in any event, respondent did not appeal from either the order extending the time nor the order settling the bill. Erroneous settlement of a bill of exceptions would not be ground for dismissal of an appeal.

The notice of appeal and bond for costs were served within six months after judgment. The appeal was perfected in time (sec. 274.11, Stats.) notwithstanding failure to file the originals with the clerk. Supreme Court Rule 4 (sec. 251.254) requires that appellants cause the record to be transmitted to this court within twenty days after the appeal is perfected and they were late in doing so. Respondent does not assert, however, that he has been prejudiced. It appears that settlement negotiations were in progress and that ap-

pellants delayed because the return of the record would be unnecesary if a settlement were reached. The motion to dismiss is denied.

Appellants argue that the form of the question in the special verdict was erroneous. They assert the questions should have been asked in terms of "conscious pain and suffering" rather than "personal injury." It would have been better, we think, to have used the more exact terms, although the terms used were not erroneous, when considered in the light of the instructions heretofore quoted.

Appellants further assert that the award of $5,000 for the pain and suffering experienced by Miss LaVelle is not supported by the evidence and we agree.

Accurate assessment of money damages for pain and suffering is difficult. In making an award after the death of an injured person, it is especially hard to exclude from one's mind other factors involved in the loss of life which go beyond pain and suffering endured from the time of injury up to the instant of death. Of course, this issue is primarily for the jury, yet it is well established that even in the absence of error upon the trial, or apparent perversity of the verdict, the court must apply its own standards of the highest (or the lowest) award which it considers is supported by the evidence in the particular case. *Blong v. Ed. Schuster & Co.* (1956), 274 Wis. 237, 242, 79 N. W. (2d) 820. In the case before us, the trial court evidently was satisfied that the evidence supported the award, because it granted judgment upon the verdict. We should, and do, give weight to approval of the verdict by the trial court, but must nevertheless review that action.

In the 1920's this court wrestled with the problem of measuring in money the pain and suffering experienced in the interval between injury and death when that interval is relatively short. A very conservative view was adopted. In *Wasicek v. M. Carpenter Baking Co.* (1923), 179 Wis. 274,

191 N. W. 503, a jury award of $2,625 for three hours of conscious pain and suffering, deadened by opiates, was reduced to $500 as the highest amount that could be allowed under the circumstances. In *Rogers v. Lurye Furniture Co.* (1927), 193 Wis. 496, 503, 211 N. W. 782, 215 N. W. 457, three days intervened between injury and death. Deceased was unconscious at first, but regained semiconsciousness for much of the time. The jury awarded $8,500 for pain and suffering; the trial court reduced it to $2,000. This court said the case was ruled by the *Wasicek Case* and that $500 was the highest amount an unprejudiced jury could reasonably find. In *Theby v. Wisconsin Power & Light Co.* (1929), 197 Wis. 601, 222 N. W. 826, 223 N. W. 791, the jury awarded $2,800 for thirty hours, "not complete unconsciousness" and a "considerable amount of pain." This court relied on the *Wasicek* and *Rogers Cases* and allowed $750 as the largest amount warranted. In *Prange v. Rognstad* (1931), 205 Wis. 62, 236 N. W. 650, the jury awarded $1,000 for three hours of conscious pain and suffering. The award was held excessive "under the rule" of the *Wasicek* and *Rogers Cases*.

Thereafter this court began to relax its view to some extent. In *Warrichaiet v. Standard Oil Co.* (1934), 213 Wis. 619, 252 N. W. 187, the jury awarded $2,000 for intense pain and suffering for twenty-four hours. The trial court reduced the award to $750, presumably because of the earlier cases in this court. This court sustained the reduction, but did comment that $750 "was certainly not excessive," and listed cases from other jurisdictions where very substantial awards had been allowed to stand.

In *Nygaard v. Wadhams Oil Co.* (1939), 231 Wis. 236, 284 N. W. 577, the jury awarded $2,000 for ten hours of conscious pain and suffering. The trial judge cut the award to $750, but this court stated that the reduction was error and referred to the higher awards from other jurisdictions

cited in the *Warrichaiet Case*. In *Hamilton v. Reinemann* (1940), 233 Wis. 572, 290 N. W. 194, the award was $500 for conscious pain for one hour and twenty minutes. Counsel sought to compare awards on an hourly basis. Mr. Justice WICKHEM said at page 582, "We think that defendants are too mathematical in their approach to this subject, and that conscious pain and suffering cannot be reduced to an hourly basis. It is extremely doubtful if it can be reduced to any formula that will constitute a satisfactory rationale for other cases."

The degree of consciousness, severity of pain, and apprehension of impending death have all been mentioned as important elements for consideration, along with duration. It is also true that a very substantial change in the purchasing power of the dollar has occurred since the decisions referred to. While it is our view that the evidence does not support the award of $5,000, we do consider that there is a substantial range between the highest and lowest amounts which it would support. This is true because of the widely different interpretations which could be legitimately drawn from the evidence as to Miss LaVelle's degree of consciousness and indications of severe pain. The highest amount that an unprejudiced jury, properly instructed, would, under the evidence probably assess is, in our opinion $3,500. The least amount is $1,500 or less. We need not consider a smaller figure because appellants indicated a concession, by their motions after verdict, that the evidence would have supported $1,500. Defendants should have the option, within twenty days after the remittitur, of suffering judgment against them which shall include (in addition to special damages and costs) the sum of $3,500 for damages for pain and suffering. If defendants do not exercise their option within twenty days, plaintiff should have the option within the following twenty days of taking judgment which shall include (in addition to special damages and costs) the sum of $1,500 for

damages for pain and suffering. If neither option be exercised, there must be a new trial as to this element of damages.

*By the Court.*—Judgment reversed in so far as it awards $5,000 for pain and suffering, cause remanded for further proceedings in accordance with this opinion.